**In re Herbert A. BAHRE, Bankrupt.**

**Howard L. SIEGEL, Trustee in Bankruptcy, Plaintiff,**

v.

**Herbert James BAHRE, Defendant.**

**Bankruptcy No. B–79–31.**

United States Bankruptcy Court, D. Connecticut.

June 6, 1983.

Julia L. Aurigemma, Hoberman, Pollack & Roseman, P.C., Hartford, Conn., for plaintiff.

Ira B. Charmoy, Levin & Charmoy, Bridgeport, Conn., for defendant.

MEMORANDUM AND ORDER ON DEFENDANT'S REQUEST FOR EXTENSION OF TIME UNDER BANKRUPTCY RULE 802(c)

ALAN H.W. SHIFF, Bankruptcy Judge.

This matter is before the court on the defendant's request for extension of time to file notice of appeal.

I.

On August 31, 1978, Herbert A. Bahre filed a petition for relief and was adjudicat-

ed a bankrupt under the Bankruptcy Act of 1898. Thereafter, the trustee of the bankrupt's estate commenced the above-captioned proceeding to set aside a transfer of real property from the bankrupt to the defendant. On October 5, 1982, judgment was entered in favor of the plaintiff. 23 B.R. 460. The defendant subsequently moved for a new trial pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. The motion for a new trial was denied on April 4, 1983, 28 B.R. 609, and on April 15, 1983, one day beyond the appeal period prescribed by Bankruptcy Rule 802(a),[1] the defendant filed the instant "request for extension of time to file notice of appeal."

The defendant recognizes that because his motion was filed after the ten-day period, the extension he seeks can only be granted upon a showing of excusable neglect. Bankruptcy Rule 802(c).[2] In that regard, the defendant's attorney asserts that his client, who resides out of state, did not authorize the appeal until after the ten-day period; that the attorney himself was on trial during the prescribed time; and finally, that the filing was only one day late.

## II.

■ As a general proposition, the excusable neglect exception must be narrowly applied. *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72 (2d Cir.1978); *State of Oregon v. Champion International Corporation,* 680 F.2d 1300 (9th Cir.1982); *Pellegrino v. Marathon Bank,* 640 F.2d 696 (5th Cir.1981).[3] As stated in *Fase*

1. Bankruptcy Rule 802(a) provides in pertinent part:
   (a) *Ten-Day Period.* The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from.

   .    .    .    .    .

2. Bankruptcy Rule 802(c) provides
   (c) *Extension of Time for Appeal.* The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has

The question thus becomes "whether there was excusable neglect entitling appellants, in the district court's discretion, to an extension of time . . . ." The answer, of course, depends on the meaning given to the phrase "excusable neglect." In this regard, we believe that the determination of "whether neglect is excusable depends on the facts of the case at hand and . . . should be determined on the basis of the 'common-sense meaning of the two simple words applied to the facts which are developed.'" This common-sense approach is to be coupled with an awareness that the "excusable neglect" standard is intended to be a "strict one," that the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, and finally, that "[c]ourts should sanction deviations from the letter of the rules only on the most compelling showing that [the purposes of the Rules] are served."

*Id.* at 76 (citations omitted).

Although the question "depends on the facts of the case at hand," *Id.,* and thus precedent supplies no ready answers, instances of excusable neglect may be found in "uncontrollable delay" or "unpredictable events" that prevent timely delivery of the notice of appeal to the court clerk. 9 J. Moore, *Moore's Federal Practice* ¶ 204.13[1.–3] at 4–94–96 (2d ed. 1982); or where a party acts in detrimental reliance upon a court's ruling. *See Harris Truck Lines, Inc. v. Cherry Meat Packers,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962).

expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.

3. The cited cases all construe Fed.R.App.P. 4(a). Because Bankr.Rule 802 is adapted from Rule 4(a), *see* Advisory Committee's Note to Rule 802, cases applying Rule 4(a) give guidance here. *See Headlee v. Ferrous Financial Services,* 592 F.2d 1028, 1031 (9th Cir.1979); *In re Martin-Trigona,* 11 B.R. 414, 416 n. 2 (Bkrtcy.D.Conn.1981).

In the instant case, the defendant's first claim that he failed to notify his attorney in a timely manner is clearly not a sufficient showing absent an explanation of what caused the delay. In any event, even without authorization to appeal, the defendant's attorney could have filed the request for extension of time within the ten-day period. *Headlee v. Ferrous Financial Services, supra* note 3, at 1034; *In re Martin-Trigona, supra* note 3, at 417.

The second argument that "due to counsel's trial commitments, the ten-day period to file a notice of appeal was inadvertently missed"[4] is also unavailing. I do not find in this explanation the "unique" circumstances contemplated by the term "excusable neglect" as required by *Fase v. Seafarers Welfare and Pension Plan, supra*. *See Grantham v. Morgan Linen Serv., Inc.,* 426 F.2d 237, 238 (7th Cir.1970).

Finally, I reject the defendant's contention that his late filing should be excused because it occurred only one day after the appeal period ended. The fact that the request was filed one day late compels the defendant to show excusable neglect, *Sprout v. Farmers Insurance Exchange,* 681 F.2d 587 (9th Cir.1982); it does not also constitute the excuse. Moreover, that the cost to the bankrupt estate would be minimal because of the short delay is irrelevant. *See Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 411 (1st Cir.) *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). ("[T]he rule [F.R.A.P. 4(a) ] makes no provision for plaintiff's contention that the defendant was not prejudiced").

### III.

In view of the foregoing, defendant's request for an extension of time to file a notice of appeal should be, and hereby is, denied.

---

**4.** Defendant's request for extension of time to file notice of appeal, dated April 15, 1983.