**In re Diana B. JOHNSON a/k/a Diane R. McGuire, Debtor.**

**Bankruptcy No. 5–83–00707.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 30, 1983.

Jamie Gerard, Bridgeport, Conn., for Priscilla Jane McGuire.

MEMORANDUM AND ORDER ON EXTENSION OF TIME TO FILE COMPLAINT. BANKRUPTCY RULES 4007(c) and 9006(b)(3)

ALAN H.W. SHIFF, Bankruptcy Judge.

This matter is before the Court on the application [1] of Priscilla Jane McGuire (McGuire) to extend the time for filing a

---

1. This matter should have been brought by a motion rather than an application. *See* Bankruptcy Rules 9013 and 4007(c).

complaint under Code § 523(c) to determine the dischargeability of a debt.

## I.

## BACKGROUND

On July 29, 1983, the debtor filed a petition seeking relief under Chapter 7 of the Bankruptcy Reform Act of 1978. By order entered August 2, 1982, this Court set October 11, 1983 as the last date for filing complaints objecting to dischargeability of debts pursuant to 11 U.S.C. § 523(c).

McGuire was listed as a creditor on debtor's schedule of creditors having unsecured claims. A copy of the Court's order was sent to her residence in Nebraska. McGuire retained local counsel who, on September 20, 1983, filed an appearance together with a Motion To Change Venue of the above captioned case to the District of Nebraska or in the alternative to dismiss the case. At the October 20, 1983 hearing on the Motion To Change Venue, counsel for McGuire argued that the District of Nebraska was the most convenient forum for the litigation of the adversary proceeding which is the subject of the instant application to extend time.

On October 13, 1983, two days after the bar date for filing a complaint to determine the dischargeability of debts under Code section 523(c), McGuire filed an application to extend the time for filing such a complaint.

## II

The new Bankruptcy Rules, promulgated by the United States Supreme Court and

**2.** Rule 9006(b)(3) provides in pertinent part:
(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules ... 4007(c) ... only to the extent and under the conditions stated in those rules.

**3.** Rule 4007(c) provides:
(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES; NOTICE OF TIME FIXED. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall

sent to Congress on April 25, 1983 pursuant to 28 U.S.C. § 2075 became effective on August 1, 1983. The order of the Supreme Court, which accompanied the new rules, provided:

That the aforementioned Bankruptcy Rules shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies.

The instant case was pending on August 1, 1983, therefore the new rules will apply unless their application "would not be feasible or would work an injustice."

Rules 9006(b)(3) [2] and 4007(c) [3] do not permit the court to extend the time to file a complaint pursuant to § 523(c) after the expiration of the bar date. Indeed Rule 4007(c) only permits the court to extend time if a motion to that effect is made before the time has expired and on a showing of sufficient cause. Here, McGuire's application was filed after the time had expired. Accordingly, McGuire's application must be denied under Rules 9006(b)(3) and 4007(c).

The question remaining is whether the new rules should be utilized in this case. As noted, the new rules are to apply unless to do so would not be feasible or would work an injustice. Under either of those circumstances the former rules would apply.

Under former Bankruptcy Rules 409(a)(2) [4] and 906(b)(2) [5], the court could

give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* [Emphasis added]

**4.** Rule 409(a)(2) provides:
(a) *Proceeding to Determine Dischargeability.*
(2) *Time for Filing Complaint Under § 17c(2) of the Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the

consider untimely requests for an extension of time provided the movant proved that the delay was the result of "excusable neglect." Thus proof by McGuire that her delay in moving for an extension of time was due to excusable neglect might provide the basis for a claim that application of the new rules in this case would be unjust.

Although excusable neglect is not defined in the Code or Rules, that concept has been elucidated extensively. As a general proposition courts have construed the excusable neglect exception narrowly. In *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72, 76 (1978) the Second Circuit Court of Appeals construing excusable neglect in the context of appellate procedure held:

> The question thus becomes "whether there was excusable neglect entitling appellants, in the district court's discretion, to an extension of time . . . ." The answer, of course, depends on the meaning given to the phrase "excusable neglect." In this regard, we believe that the determination of "whether neglect is excusable depends on the facts of the case at hand and . . . should be determined on the basis of the 'common-sense meaning of the two simple words applied to the facts which are developed.' " This common sense approach is to be coupled with an awareness that the "excusable neglect" standard is intended to be a "strict one," that the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, and, finally, that "[c]ourts should

sanction deviations from the letter of the rules only on the most compelling showing that [the purposes of the Rules] are served." [Citations omitted]

*See also State of Oregon v. Champion International Corporation,* 680 F.2d 1300 (9th Cir.1982); *Pellegrino v. Marathon Bank,* 640 F.2d 696 (5th Cir.1981); *In re Martin-Trigona,* 11 B.R. 414, 416 n. 2 (Bkrtcy.D.Conn. 1981);[6] *In re Herbert A. Bahre,* 30 B.R. 367, 368 (Bkrtcy.D.Conn.1983). In *In re Manning,* 4 B.C.D. 304, 305 (Bankr.D.Conn. 1978) the court defined "excusable neglect" as " . . . the failure to timely perform a duty due to circumstances beyond the reasonable control of the person whose duty it was to perform." There must be a "reasonable basis" for the failure, *In re Heyward,* 15 B.R. 629, 635 (Bkrtcy.E.D.N.Y.1981), and the failure must result from something more than ordinary negligence. *In re Figueroa,* 10 B.C.D. 1459, 1461 (Bkrtcy.S.D.N. Y.1983); *In re Parrish,* 13 B.R. 539, 542 (Bkrtcy.W.D.Ky.1981).

The neglect in this case was not excusable; it was the result of ordinary negligence. When McGuire's attorney filed her Motion To Change Venue, she was aware of this Court's order requiring dischargeability complaints under Code § 523(c) to be filed by October 11, 1983. In fact, she admitted during argument that the application was prepared on time but was not filed on that last day because a secretary in her office did not follow instructions. Thus the delay was not "due to circumstances beyond the reasonable control" of McGuire's attorney,

---

dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

**5.** Rule 906(b)(2) provides in pertinent part:

> (b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .

**6.** The cited cases construe excusable neglect in the context of rules pertaining to appellate procedure.

but the mistake of the attorney's clerical staff. Excusable neglect will not be found where the delay resulted from

> ... difficulty with office help, inadvertence, and the press of other business, *In re Parrish,* 13 B.R. at 539, 8 B.C.D. at 285, *Fowler v. Gertz (In re Gertz),* 1 B.R. 183 (Bkrtcy.C.D.Cal.1979); *Menna v. Murphy (In re Murphy),* 1 B.R. 736 (Bkrtcy.S.D. Cal.1979); [or] where the delay resulted from a breakdown in counsel's or creditor's internal procedures, *In re Heyward,* 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981), *In re Biddy,* 7 B.R. 50, 7 B.C.D. 84 (Bkrtcy.N.D. Ga.1980); or where the delay resulted from matters within the control of the creditor, *American Express Co. V. Elliano (In re Elliano),* 9 B.R. 287 (Bkrtcy.E.D.N. Y.1981).

*In re Digby,* 29 B.R. 658, 661 (Bkrtcy.N.D. Ohio 1983).

McGuire's claim that the application was only two days late is equally unavailing. The fact that the application was filed two days late compels McGuire to show excusable neglect (assuming the former rules are applicable), it does not also constitute the excuse. *In re Bahre, supra* at 369. As the Second Circuit Court of Appeals observed,

> [t]his Circuit has rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload. *United States v. Erdoss,* 440 F.2d 1221 (2d Cir.), cert. denied, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971); *Schwarz v. United States* [384 F.2d 833 (2d Cir.1967)], *supra; Dal International Trading Co. v. Sword Line, Inc.,* 286 F.2d 523 (2d Cir.1961); *Benton v. Vinson, Elkins, Weems & Searls,* 255 F.2d 299 (2d Cir.), cert. denied, 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958).

*United States v. Cirami,* 535 F.2d 736, 739 (1976).

Since McGuire has failed to demonstrate excusable neglect, her untimely motion would have been denied under the former rules, and since application of the new rules is feasible and no injustice will result by applying them, McGuire's motion to extend the time to file a complaint under Code § 523(c) is time barred, it must be and is hereby denied.