**In re Alphonse Stephen NOWACKI and Antoinette Marie Nowacki, Debtors.**

**Bankruptcy No. 83–01526.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 18, 1984.

Thomas R. Furey, Toledo, Ohio, for debtors.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion for the Enlargement of Time to file a Complaint to Determine Dischargeability. Pursuant to an Order of this Court dated January 31, 1984, the parties agreed to submit written arguments regarding this Motion and to have the Court reach a decision based thereon. The Court has reviewed the arguments of counsel and for the following reasons finds that the Motion to Enlarge Time should be DENIED.

### FACTS

The facts in this case do not appear to be in dispute. Sometime prior to September 10, 1982, the Debtors executed a promissory note and mortgage in favor of Mid-American National Bank & Trust Co., the Movant in this proceeding. This mortgage related to property located in Wood County, Ohio. On September 10, 1982, the Movant notified the Debtors that the mortgage was in default and that action would be taken against them if payment was not received within ten (10) days. On September 13, 1982, the Debtors conveyed a parcel of real estate located in Lucas County, Ohio, without consideration, to their daughter.

A foreclosure action was initiated by the Movants in the Wood County Court of Common Pleas on October 1, 1982, and subsequently received a judgment on May 26, 1983. During the course of that litigation, depositions of the Debtors were taken, wherein the transfer to their daughter was disclosed. These depositions occurred during January of 1983. In April of 1983, the Movant commenced an action in the Lucas County Court of Common Pleas to set aside

the transfer of real estate to the Debtors' daughter. This action was later stayed by the Debtors' Petition with this Court. On August 23, 1983, the Debtors' daughter reconveyed the Lucas County property back to the Debtors.

On August 24, 1983, the Debtors filed their voluntary Chapter 7 Petition with this Court. The Order issued on September 8, 1983, setting forth the date for the first meeting of creditors, also established November 28, 1983, as the last date for the filing of complaints to determine dischargeability. No such complaints were filed prior to that date. The Debtors were granted a discharge of their obligations on December 12, 1983. The present Motion was filed on January 13, 1984.

### LAW

The present Motion requests this Court to permit the Movant to file a Complaint to Determine Dischargeability, despite the fact that the original time within which to do so has already expired. The Rules of Bankruptcy Procedure called into question by this Motion are Rule 4007(c) and Rule 9006(b). Rule 4007(c) states in pertinent part:

"A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired."

Rule 9006(b) states in pertinent part:

"... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

■ In an application to extend time that is submitted subsequent to the passing of the original deadline, a movant must demonstrate excusable neglect for not acting within the original time. *Young v. Martin (In re Young)*, 33 B.R. 533 (Bkrtcy.N.D. Ohio 1983); *In re Peacock*, 14 B.R. 360 (Bkrtcy.N.D.Ohio 1981); *In re Garchinsky*, 1 B.R. 203 (Bkrtcy.E.D.Pa.1979). With regards to a complaint to determine dischargeability and as stated in the foregoing decisions, the question is whether or not the movant had, at the time the initial period expired, all the information necessary upon which to establish an objection to the dischargeability of a debt.

■ In the present case, it is apparent that the Movant was aware of the allegedly fraudulent transfer at the time it filed its Complaint in the Court of Common Pleas to set aside the conveyance. This occurred four months prior to the filing of the bankruptcy petition and seven months prior to the expiration of the time in which to file objections to dischargeability. The effect of this prior knowledge and the delinquency in filing for an extension of time is exacerbated by the fact that the information which revealed the alleged improprieties was given to the Movants in January of 1983. The Movants were listed as a creditor on the Debtors' petition and were given notice of the time when the ability to raise dischargeability issues would terminate. The only explanation offered by the Movant has been that settlement negotiations were in progress during the times in question.

In light of the circumstances presented in this case, the Court cannot find any grounds upon which to excuse the Movant's failure to act within the prescribed time. It was aware of all facts necessary for asserting an objection well within the time given to all creditors for objecting to dischargeability. However, it failed to file a complaint and is delinquent in seeking leave to do so. A creditor has the duty to protect its interests and to preserve its right to object to dischargeability when it appears as though it will be unable to file a complaint in a timely fashion. Although

settlement negotiations may have been in progress, this fact alone does not negate the creditor's duty to attempt to extend the time within which complaints will be allowed. Without a showing of circumstances which effectively precluded the Movant from protecting, within the initial period, their right to file a Complaint to Determine Dischargeability, this Court cannot conclude that the Movant's inaction was the result of excusable neglect.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion to Enlarge the Time to file a Complaint to Determine Dischargeability be, and is hereby, DENIED.