**In the Matter of Dr. Nimai Kumar GHOSH, Debtor.**

**No. CV 84–1936.**

United States District Court, E.D. New York.

July 30, 1984.

Nimai Kumar Ghosh, pro se.

Stanley Edward Bogal, Mineola, N.Y., for defendant Punchaser.

## MEMORANDUM & ORDER

PLATT, District Judge.

Dr. Nimai Kumar Ghosh appeals Bankruptcy Judge Duberstein's order to lift the automatic stay placed on his property pursuant to 11 U.S.C. § 362. For the reasons stated below, we dismiss the appeal.

In 1975, Dr. Ghosh bought a house subject to a $45,000 mortgage from Financial Federal Savings and Loan Association (FFSLA). He stopped payments on his loan in 1981 and on November 15, 1982, FFSLA was awarded a valid judgment of foreclosure against the debtor in the Supreme Court of New York, Queens County. Two weeks later, Dr. Ghosh, appearing *pro se*, started a chapter 7 action in the Bankruptcy Court of the Eastern District of New York. On October 19, 1983, FFSLA moved to lift the automatic stay on Dr. Ghosh's residence. Judge Duberstein granted the motion.

■ On April 4, 1984, Bankruptcy Judge Duberstein issued the Bankruptcy Court's final decision. 38 B.R. 600. Twelve days later, Dr. Ghosh filed a notice of appeal. Bankruptcy Rule 8002(c) requires that a notice of appeal or motion for extension be filed within ten days after the Bankruptcy Court's order. 11 U.S.C. § 8002(c). This ten day requirement may be waived only upon a showing of "excusable neglect." 11 U.S.C. § 8002(c). The standard is strict and must be applied narrowly. *In re Bahre*, 30 B.R. 367, 368 (D.Conn.1983). A party must show that the circumstances causing the delay were unique and courts should not deviate from the letter of the Rules without a compelling showing that the purposes of the Rules are being served. *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72, 74 (2d Cir.1978). The fact that Dr. Ghosh was pursuing his appeal *pro se* does not constitute excusable neglect; thus, his appeal was untimely.

■ In addition to failing to file timely his appeal, Dr. Ghosh violated Bankruptcy Proc. Rule 8006. 11 U.S.C. § 8006. Rule 8006 provides that within ten days after filing the notice of appeal, the debtor must designate the record. *In re Ripples of Clearview, Inc.*, No. 83–0358, *slip op.*, (March 28, 1984 E.D.N.Y.). Dr. Ghosh, to date, has failed to designate the record. For the above mentioned reasons, this appeal must be dismissed.

Assuming *arguendo* that this action had been filed timely and the record had been designated, the Bankruptcy Court's order to lift the stay on the debtor's property would have been affirmed. The relief from the automatic stay shall be granted "for cause." 11 U.S.C. § 362(d)(1). Our review of this case demonstrates that the Bankruptcy Court's order to lift the stay on the debtor's residence was properly granted.

Finally, Dr. Ghosh has filed a "motion to stay" an order to compel delivery of the premises granted by the Supreme Court of New York, Queens County on May 25, 1984. Since Dr. Ghosh's appeal has been dismissed, his motion to stay the motion to compel delivery of the premises is denied.

SO ORDERED.