**In the Matter of Peter G. SMITHUYSEN, Debtor.**

**Bankruptcy No. 84–03481.**

United States Bankruptcy Court, D. New Jersey.

July 22, 1985.

Clinton E. Cronin, Cronin & Heller, Brick, N.J., for debtor.

John R. Connelly, Jr., Drazin & Warshaw, Red Bank, N.J., for plaintiff.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

John Chimenti is the administrator of the estate of Carl Chimenti, victim of a fatal beating which occurred in February, 1984. The assailant, Peter Smithuysen, plead guilty and served time for manslaughter. An action was brought by John Chimenti (Chimenti) against Smithuysen in state court for wrongful death and survivorship. Smithuysen, the debtor herein, subsequently filed a petition in bankruptcy on June 22, 1984, setting forth therein the state court action. As a result, that action was stayed. Chimenti failed to file a complaint objecting to the debtor's discharge within the permis-

sible time period, which had lapsed on October 9, 1984. Chimenti alleged that he did not become aware of the time limits involved in filing an objection to the debtor's discharge until October 19, although service was properly made regarding creditor's notice. This Court granted leave to submit papers on the issue of whether or not such time limit should be extended to permit Chimenti to file his complaint objecting to debtor's discharge.

Chimenti seeks ultimately to object to debtor's discharge of Chimenti's claim on the grounds that it is a nondischargeable debt under § 523[a][6] of the Bankruptcy Code by reason of its "willful and malicious" nature. Rule 4004, governing objections to discharges, mandates that a party with a claim file a complaint in order to object to a discharge. Thus, whether Chimenti may still bring his complaint is essential to Chimenti's pursuit of a state court judgment. *See In re Wertheim,* Dec. ¶ 64,736 (CCH Banktcy).

In essence, Chimenti offers two grounds in support of the desired relief—(1) that to dismiss the action on technical grounds, rather than resolve the controversy on the merits, would be inequitable; (2) that Chimenti moved to correct the error as soon as he became aware of the deadline. For purposes of this motion, Chimenti is requesting this Court to exercise its equitable powers to permit the late filing or, in the alternative, to find that Chimenti's failure to file on time was the result of excusable neglect.

The time within which to file a complaint objecting to a debtor's discharge is established under Bankruptcy Rule 4004, which states that such a complaint shall be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to § 341[a]. The Bankruptcy Rules also provide for the enlargement of time within which to file. Initially, it should be noted that reference is made to two rules which establish provisions for enlargement. Bankruptcy Rule 9006,

which is patterned after Rule 6 of the Fed:Rules Civ.Pro., *see* Advisory Committee Notes to B.R. 9006, provides general guidance in ruling on questions of enlargement and establishes parameters for the exercise of discretion by the court. *See* Advisory Committee Notes to Amendment to Rule 6 (West 1984). Bankruptcy Rule 4004, which governs objections to discharge specifically, also refers to the enlargement of the time within which to object to discharge. Rule 9006[b][3] specifically requires this Court to adhere to the requirements of Rule 4004, rather than apply the general principles enunciated under Rule 9006: "The court may enlarge the time for taking action under Rules ... 4004[a] ... only to the extent and under the conditions stated in those rules." Rule 4004[b] states, with regard to enlargement under subsection [a]: "On motion of any party in interest, ... the court may for cause shown extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired."

Rule 4004[b] clearly distinguishes between motions brought to enlarge the time period before, and after, it has tolled. The Rule provides for extension in the first instance, upon cause shown, but does not so provide in the post-expiration situation. However, if this failure to provide post-expiration enlargement precludes the court from granting such enlargement, R4004 does so by negative implication only, from the fact that enlargement is provided for in the first instance, but not in the second. The Rule does not expressly deny the court the discretion to grant enlargement for post-expiration filing. Consequently, the distinction under Rule 4004 between pre- and post-expiration filings is given to more than one possible interpretation. It may constitute a bright line, permitting motions the day before expiration while precluding motions made the day after. Alternatively, the distinction may be less clear in its application, permitting the court to grant late filings under equitable circumstances. In this latter case, the court would not have unbounded discretion to grant enlarge-

ment. Since Rule 4004 would be read, in effect, to *permit* post-expiration filing while failing to *provide* conditions for enlargement, the court would be bound by the general provisions for post-expiration filing under Rule 9006. Rule 9006[b] permits post-expiration filing where the plaintiff can show excusable neglect in missing the filing deadline. The reading of Rule 4004 is potentially of importance to Chimenti's claim because his complaint was filed only ten days late. *See In re Nowacki, infra,* where the complaint was filed several months late.

This appears to be a question of first impression in this jurisdiction, due to the relatively recent changes to the enlargement scheme in August, 1983. The courts in other jurisdictions which have considered enlargement issues have taken a strict view of filing dates, although their analyses of the relevant rules have been inconsistent. In *In re Richards,* 43 B.R. 554, 563 (Btcy,D.Minn.1984), the court took a narrow view of judicial enlargement powers, finding none once time has expired. The *Richards* court cited *In re Johnson,* 35 B.R. 79 (Btcy,D.Conn.1983), which denied the creditor's request for enlargement. The *Johnson* court, interpreting then recently implemented Rules 9006[b][3] and 4007[c] (pertaining to filing a complaint under section 523[c]), relied on the changes from the former rules. The court reasoned that the prior rules provided discretion to enlarge time after its expiration on the basis of excusable neglect, *see* former B.R. 409[a][2] and 906[b][2], while the new rules, 9006 and 4007, were enacted without reference to the "excusable neglect" standard, 35 B.R. 79 at 80–81. The *Johnson* court was unswayed by the fact that the complaint was filed only two days late (attorney errors and mistakes are not "excusable neglect"), 35 B.R. 79 at 82.

In *In re Nowacki,* 39 B.R. 35 (Btcy, N.D.Ohio 1984), however, the court stated that an application to extend time for a complaint that is submitted subsequent to the passing of the original deadline is permissible and requires the movant to demon-

strate excusable neglect for not acting within the prescribed time. Apparently ignoring the change in the new rules, the court stated: "... The question is whether or not the movant had, at the time the initial period expired, all the information necessary upon which to establish an objection to the dischargeability of a debt ..." 39 B.R. at 36. The *Nowacki* court nonetheless denied the movant's request because the creditor and debtor were in the course of litigation at the time the debtor-defendant filed its petition. The court found that the litigation and the reasons for objecting arose from the same circumstances, such that in bringing the original litigation, the creditor-plaintiff was without excuse for being unaware of debtor's petition and pending discharge. 39 B.R. at 36.

Under the *Nowacki* court's analysis of Rule 4004 as essentially following the provisions of Rule 9006, bankruptcy courts retain at least the discretion to consider whether the plaintiff's late filing was due to excusable neglect. In contrast, the view taken by the *Richards* court, based on the changes made in 1983, denies the court any authority to permit late filing.

The fact that the existing rules were adopted without the traditional language of, or reference to, R. 9006 strongly suggests that the court is not free to consider either excusable neglect or equitable considerations. The reasoning of the *Richards* court is highly persuasive. The fact that R. 4004 does not provide express conditions for post-expiration enlargement tends to support the *Richards* analysis. The drafters of R. 4004 were aware of the possibility of post-expiration enlargement, as evidenced by subsection [c], which permits enlargement, but only on motion of the debtor, not the creditor. Thus, their failure to provide for it in subsection [b] suggests that it was intended that post-expiration enlargement not be available. Chimenti's motion fares no better under the reasoning of the *Nowacki* court. Chimenti has failed to provide facts demonstrating excusable neglect.

In going to these lengths to establish the issue surrounding post-expiration enlargement, it is emphasized that Chimenti's motion is without merit under either reading. Chimenti is precluded by the pure tolling of the time period, without recourse in this Court under *Richards*. The same result is reached under the interpretation of the *Nowacki* court, by reason of Chimenti's failure to demonstrate excusable neglect in failing to file his complaint within the prescribed time. Thus, this Court emphasizes the underlying facts and not the underlying law applicable to this case.

In the interests of giving the debtor a "fresh start", the burden is on the creditor to pursue his claim. Consequently, deadlines should rarely be extended after their expiration. *In re Waldman*, 33 B.R. 328 (Btcy, S.D.N.Y.1983).

> ... The Court notes, with frustration, that in this proceeding the record supports the conclusion that the debts ... should be excepted from discharge.... We are powerless, however, to find any cause even remotely qualifying as "excusable neglect".... Evident merit (i.e., here, the debtor's fraud) is not material to a determination of excusable neglect with respect to the filing of a complaint out of time.

*In re Lopez*, 39 B.R. 433, 437 (Bktcy, D.R.I. 1984). This Court is quite restricted in its discretion to enlarge the time period to permit Chimenti to file his complaint, and Chimenti, having been granted leave to file papers and provide the Court with the underlying reason for his late filing, has failed to offer facts which make this result inequitable. Chimenti's motion is denied.

Submit an order in accordance with the above.