**In re Ivan M. KLEIN, Debtor.**

**Bankruptcy No. 186–60379–353.**

United States Bankruptcy Court,
E.D. New York.

Aug. 28, 1986.

Herman Israel Fleischman, New York City, for debtor.

Robert B. Schindler, New York City, for Harvey Pollock.

John S. Pereira, New York City, trustee.

## DECISION AND ORDER DENYING MOTION TO EXTEND TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE AND DETERMINING DISCHARGEABILITY OF DEBT

JEROME FELLER, Bankruptcy Judge.

Before the Court in this Chapter 7 case is a motion, dated June 19, 1986, of Harvey Pollock (hereinafter "Movant" or "Creditor"), seeking an order extending his time to file a complaint objecting to the discharge of the Debtor under 11 U.S.C. § 727 and determining dischargeability of the indebtedness owed to him by the Debtor pursuant to 11 U.S.C. § 523(c). An affidavit in support of the Creditor's motion, dated June 23, 1986, was filed by the Trustee and an affirmation in opposition to the motion, dated June 26, 1986, was filed by the Debtor. A hearing was held on July 1, 1986, at which time both Movant and Debtor testified, and their counsel presented oral argument in support of their respective positions. At the conclusion of the hearing, the matter was taken under advisement pending submission of post-hearing memoranda of law, which memoranda were duly filed.

For the reasons hereinafter set forth, the Court determines that because the motion was filed more than 60 days following the first date set for the § 341(a) meeting, applicable Bankruptcy Rules require denial of Creditor's motion.

### FACTS

The pertinent facts in this case are not complex. On February 26, 1986, the Debtor filed a Chapter 7 petition in this Court. Movant is listed on the Debtor's Schedule A–3 as a creditor having an unsecured claim without priority in the amount of $10,000. A notice, dated March 5, 1986, was sent by the Clerk of the Court to Movant and all other listed creditors informing them that April 2, 1986 was set as the date for the meeting of creditors under 11 U.S.C. § 341(a) and that June 2, 1986 was fixed as the last day for the filing of objections to the discharge of the Debtor and for the filing of a complaint to determine the dischargeability of a debt. Movant admits to having received this notice and to having read it as well. Movant fully

participated at the April 2, 1986 meeting of creditors, which meeting was adjourned to April 16, 1986 and then to April 30, 1986 and finally to June 2, 1986.

Movant retained counsel on June 11, 1986 and the instant motion seeking an extension of time to raise discharge and dischargeability issues were filed on June 20, 1986. Annexed to the motion is a proposed complaint alleging that the $10,000 loan obtained by Debtor from Movant was obtained under false pretenses, false representations or actual fraud, and hence the debt represented by such loan is not dischargeable under 11 U.S.C. § 523(a)(2). The proposed complaint further alleges that the Debtor failed to maintain books and records, made false representations in his Chapter 7 petition, made false statements at the § 341(a) meeting and is therefore not entitled to a discharge under 11 U.S.C. § 727(a)(3) and (4). Pursuant to the notice received and read by Movant and the time limitations set forth in Bankruptcy Rules 4004(a) and 4007(c), the said complaint was required to be filed by June 2, 1986.[1]

One of the reasons given by Movant for his failure to act in a timely fashion was the absence of necessary information to determine whether grounds existed upon which to file a complaint objecting to discharge or to determine dischargeability of particular debts. The absence of such information, according to Movant, was caused by the Debtor's i) non-appearances at the April 16 and April 30 adjourned § 341(a) meetings and a per force putting over of the § 341(a) meeting to June 2, the last date to file a complaint; and ii) delay in supplying documents requested by the trustee. Review of Movant's proposed complaint discloses, however, that essentially all of the allegations of the complaint are based upon information contained in the Debtor's petition, or obviously known by Movant, or statements presumably made by the Debtor on April 2, 1986 at the § 341(a) meeting of that date.

No persuasive proof was offered by Movant explaining his failure to take action under Bankruptcy Rules 4004(b) and 4007(c) prior to June 2, 1986 in order to preserve the possibility of filing the complaint after that date.

---

1. The merits of the complaint are not now in issue.

## ISSUE PRESENTED

Whether the bankruptcy court may extend the time to file a complaint objecting to discharge or to determine dischargeability of a debt where the extension request is made after the period prescribed by applicable Bankruptcy Rules for the filing of such complaints? Movant responds in the affirmative, maintaining that under Bankruptcy Rule 9006(b) the bankruptcy court has such authority upon a showing of excusable neglect. On the other hand, Debtor holds that Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) preclude the bankruptcy court from granting such an untimely extension request.

## DISCUSSION

Movant's position is twofold. First, he contends that the Court has the power to extend the time within which to file an objection to discharge and/or dischargeability when the motion seeking the extension is made after the expiration of the 60 day deadline contained in Bankruptcy Rules 4004(a) and 4007(c). Second, he argues that such power is predicated upon a showing of excusable neglect under Bankruptcy Rule 9006(b). We hold that Movant's first argument must fail as a matter of law and therefore, decline to address his excusable neglect contention.

Resolution of the instant motion involves interrelationships between various Bankruptcy Rules designed to effectuate significant changes from the practice under prior Bankruptcy Rules relating to discharge or dischargeability matters. Effective August 1, 1983, the Supreme Court promulgated and the Congress adopted a set of Bankruptcy Rules to govern practice and procedures under the Bankruptcy Code of 1978. In light of the importance of expedition in bankruptcy cases, there are interspersed throughout those rules specific time requirements. The time requirements, including extensions of time, for the filing of complaints objecting to discharge and to determine dischargeability are contained in Bankruptcy Rules 4004 and 4007. Bankruptcy Rules 4004 and 4007, insofar as here relevant, read as follows.

### RULE 4004. GRANT OR DENIAL OF DISCHARGE

(a) Time for filing complaint objecting to discharge .... In a Chapter 7 liqui-

dation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)....

(b) Extension of time. On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion *shall* be made before such time has expired. [Emphasis Added].

## RULE 4007. DETERMINATION OF DISCHARGEABILITY OF A DEBT

(c) Time for filing complaint under § 523(c) in Chapter 7 liquidation ... cases.... A complaint to determine dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may extend the time fixed under this subdivision. The motion *shall* be made before the time has expired. [Emphasis Added].

Part IX of the Bankruptcy Rules labeled "GENERAL PROVISIONS" also includes a rule encompassing the subject of enlarging time limitations, i.e., Bankruptcy Rule 9006(b). This rule has three separate and distinct parts. Initially, the rule delineates broad principles governing enlargement and therefore qualifies those principles by specifically identifying those rules under which enlargement either is not permitted at all or limited. Bankruptcy Rule 9006(b) reads as follows:

(b) Enlargement.

(1) In general. *Except as provided in paragraphs (2) and (3) of this subdivision,* when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement not permitted. The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, and 9024.

(3) Enlargement limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), *4004(a), 4007(c),* and 8002 *only to the extent and under the conditions stated in these rules* (Emphasis Added).

The structure and language of Bankruptcy Rules 4004, 4007 and 9006(b) make it abundantly clear that motions for enlargement of time to file discharge or dischargeability complaints after the 60 day deadline are precluded. Bankruptcy Rule 4004(b) and Bankruptcy Rule 4007(c) specifically provide that "[t]he motion shall be made before the time has expired" and Bankruptcy Rule 9006(b)(3) pointedly instructs that enlargement of time under Bankruptcy Rule 4004(a) [60 day period to file discharge complaint] and Bankruptcy Rule 4007(c) [60 day period to file dischargeability complaint] may be obtained "only to the extent and under the conditons stated in these rules."

Bankruptcy Rule 9006(b)(3) thus makes clear that Bankruptcy Rules 4004 and 4007 are independent, self-standing provisions, not only fixing deadlines for taking steps to raise discharge or dischargeability issues, but also governing enlargement of such deadlines, without regard to the general enlargement provision and excusable neglect concept contained in Bankruptcy Rule 9006(b)(1). More succinctly stated, "Rule 9006(b)(1) and 9006(b)(3) are plainly intended to be mutually exclusive." *Vaccariello v. Lagrotteria,* 43 B.R. 1007, 1013 (D.C.N.D.Ill.1984). As the Advisory Note, in discussing subdivision (b) of Rule 9006, states:

Unless a rule which contains a specific authorization to extend time is listed in paragraph (3) of this subdivision, an extension of time may be granted under paragraph (1) of this subdivision. *If a rule is included in paragraph (3) an extension may not be granted under paragraph (1).* [Emphasis Added].

That the bankruptcy courts are now not permitted to extend the time to file dis-

charge or dischargeability complaints after expiration of the deadline prescribed in the Bankruptcy Rules is brought into even sharper focus by the different practice under former Bankruptcy Rules 404(a) and (c),[2] 409(a)(2)[3] and 906(b),[4] the predecessor provisions of Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b). Unlike the present Bankruptcy Rules, the former Bankruptcy Rules permitted bankruptcy courts to grant such extensions upon a showing of excusable neglect. As Judge Buschman aptly observed:

> It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim.

*In re Figueroa*, 33 B.R. 298, 300 (Bkrtcy.S. D.N.Y.1983).

Movant protests mightily that to deny his motion for procedural reasons is improper, particularly in light of his belief that Debtor engaged in serious acts of misconduct which should bar any discharge. Such emotional contentions are understandable. As a general rule, justiciable controversies should be substantively decided and not barred by procedural technicalities, unless some important policy or purpose is served. However, Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) do indeed reflect an important policy or purpose and their

enforcement is basic to proper bankruptcy administration.

Fundamental to our insolvency laws is the notion that bankruptcy in the life of an individual is a passing phenomenon, after which life must go on. The viability and rapidity of that process is the essence of the discharge in bankruptcy and related fresh start doctrine. *See*, Bankruptcy Rule 4004(c) ["In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge, the court shall forthwith grant the discharge...."]; *Bradco Supply Corporation v. Lane (In re Lane)*, 37 B.R. 410, 412 (Bkrtcy.E.D.Va. 1984); *In re Koritz*, 2 B.R. 408, 413–414 (Bkrtcy.D.Mass.1979). Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) are the means utilized to achieve this objective. They reflect a considered determination that a final cut-off date insuring that debtors will be free after a date certain, outweighs individual hardship to creditors that may be caused by rigid adherence to the rules. *See*, *American Express Company v. Waldman (In re Waldman)*, 33 B.R. 328, 331 (Bkrtcy.S.D.N.Y.1983).

In sum, we hold that, unlike under the former Bankruptcy Rules, the judicial prerogative or discretion to extend the time for filing complaints relating to discharge or dischargeability when the request for an extension is made after the expiration of time limitations provided in Bankruptcy Rules 4004(a) and (b) and 4007(c) has been

---

**2.** In pertinent part, former Bankruptcy Rule 404(a) and (c) provided:
> (a) The court shall make an order fixing a time for filing of a complaint objecting to the bankrupt's discharge.... The time shall not be less than 30 days nor more than 90 days after the first date set for the first meeting of creditors....
> (c) The court may for cause shown, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

**3.** In pertinent part, former Bankruptcy Rule 409(a)(2) provided:
> The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt.... The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors.... The court may for cause, on its own initiative or application of any party in interest, extend the time fixed under this paragraph.

**4.** Former Bankruptcy Rule 906(b) provided:
> Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them.

eliminated by Bankruptcy Rule 9006(b)(3). Numerous other courts have also so held. *Marathon Restaurant Corp. v. Three Brothers Development & Construction Co., Inc. (In re Barr)*, 47 B.R. 334 (Bkrtcy. E.D.N.Y.1985); *In re McDowell*, 57 B.R. 310 (Bkrtcy.M.D.Pa.1986); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Tatum (In re Tatum)*, 60 B.R. 335 (Bkrtcy.D.Colo. 1986); *In re Maher*, 51 B.R. 848 (Bkrtcy.N. D.Iowa 1985); *In re Smolen*, 48 B.R. 633 (Bkrtcy.N.D.Ill.1985); *In re Smithuysen*, 54 B.R. 661 (Bkrtcy.D.N.J.1985); *Vaccariello v. Lagrotteria*, 43 B.R. 1007 (D.C.N. D.Ill.1984); *Bradco Supply Corporation v. Lane (In re Lane)*, 37 B.R. 410 (Bkrtcy. E.D.Va.1984); *State Guaranty Bank of Okeene v. Ensminger (In re Ensminger)*, 42 B.R. 548 (Bkrtcy.W.D.Okla.1984); *Agway Insurance Company v. Grant (In re Grant)*, 45 B.R. 265 (Bkrtcy.D.Maine 1984); *In re Johnson*, 35 B.R. 79 (Bkrtcy.D.Conn. 1983); *In re Figueroa*, 33 B.R. 298 (Bkrtcy. S.D.N.Y.1983).

Movant cites a number of cases for the proposition that the Court has the authority to grant extension requests made after the expiration of time limitations provided in Bankruptcy Rules 4004(a) and 4007(c) upon a showing of excusable neglect. *Miners & Merchants Bank & Trust Company v. Mullins (In re Mullins)*, 55 B.R. 618 (Bkrtcy.W.D.Va.1985); *In re Nowacki*, 39 B.R. 35 (Bkrtcy.N.D.Ohio, W.D.1984); *In re Lopez*, 39 B.R. 433 (Bkrtcy.D.R.I. 1984); *In re Smithuysen, supra; Vaccariello v. Lagrotteria, supra; In re Ensminger, supra; In re Figueroa, supra*. Review of these cases indicates that they were either decided incorrectly or do not support the proposition for which they are cited. The *Mullins, Nowacki*, and *Lopez* cases erroneously predicate their holdings on excusable neglect. Remarkably, these three cases make no reference whatsoever to Bankruptcy Rule 9006(b)(3) and refer to cases decided under the former Bankruptcy Rules. The *Smithuysen, Vaccariello, Ensminger* and *Figueroa* cases, in fact, hold that under existing Bankruptcy Rules, the court lacks the authority to allow post-deadline extension requests for the filing of complaints relating to discharge or dis-

chargeability. The former three cases, however, gratuitously discussed and found an absence of excusable neglect, apparently in an effort to establish another basis to deny the post-deadline expiration request. Unfortunately, the unnecessary discussion of excusable neglect in those cases have caused some needless confusion and fueled Movant's futile efforts to resuscitate the excusable neglect concept eliminated by the present Bankruptcy Rules. In *Figueroa, supra*, the court was impelled to discuss and apply the excusable neglect standard because there was uncertainty as to whether the existing or former Bankruptcy Rules governed the matter.

Movant argues that if the court cannot permit post-deadline extension requests, the reference to Bankruptcy Rules 4004(a) and 4007(c) should have been in Bankruptcy Rule 9006(b)(2), not 9006(b)(3). This contention is without merit in that it fails to take cognizance of the fact that Bankruptcy Rule 9006(b)(3) limits, but does not preclude granting of extension requests, provided such requests are made prior to expiration of the time limitations provided in Bankruptcy Rules 4004(a) and 4007(c).

Equally unavailing is the thesis that although Movant admits to having timely received and read the court notice establishing June 2, 1986 as the last date to file complaints relating to discharge or dischargeability, an exception should be made because he was an unsophisticated pro se creditor who could not be expected to understand the notice, let alone its legal impact. Such assertions of innocence strain credulity, particularly since Movant appears to be a literate person of at least average intelligence. He was surely capable, at a minimum, of taking steps, such as retaining counsel, to protect his rights well before June 2, 1986. As indicated above, counsel was not retained until June 11, 1986 and the instant motion was filed late on June 20, 1986.

We recognize that a judicially created exception to the rather rigid time requirements and limitations upon enlargement contained in Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) is warranted, where the complaining creditor has not re-

ceived actual notice for reasons of, for example, error or administrative snafu by the court. *See, Francis v. Riso (In re Riso),* 57 B.R. 789 (D.N.H.1986); *South Dakota Cement Plant v. Jimco Ready Mix Co.,* 57 B.R. 396 (D.S.Dakota 1986); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Tatum (In re Tatum), supra,* 60 B.R. at 337; *Marathon Restaurant Corp. v. Three Brothers Development & Construction Co., Inc., supra,* 47 B.R. at 336. This exception, however, is inapplicable to this case. Where, as here, the creditor had actual notice and it was clearly within his power to preserve his rights, but he failed to do so, the court is unable to provide a remedy.

### CONCLUSION

For all the foregoing reasons, the motion of creditor Harvey Pollock seeking an order extending his time to file a complaint objecting to the Debtor's discharge and determining dischargeability of the indebtedness owed to him, is denied.

IT IS SO ORDERED.