PRICE, Judge.
This is an action on open account brought by plaintiff as the assignee of Patrick-Reed Lumber & Supply Company, Inc., against the defendant, Allen Quarles, Jr., seeking to recover the sum of $265.15 for materials sold and delivered to defendant. In defense of this action in the lower court the defendant filed a plea of discharge in bankruptcy and an exception of no right or cause of action. The plea and the exception were based on the allegation that the debt sued on was scheduled in the bankruptcy proceeding of Allen Quarles Electrical Contractor, Inc., and that it was subsequently discharged by the adjudication of the bankruptcy court.
Defendant, alternatively, claimed that if the debt sued on was not a corporate debt that he had personally filed bankruptcy proceedings and that Patrick-Reed had actual knowledge of the personal bankruptcy proceeding, which would be sufficient to discharge this debt under the provisions of the bankruptcy law. From a judgment overruling the plea and exception and granting plaintiff judgment on the merits as prayed for, defendant has appealed.
The evidence reflects that Mr. Quarles was President of Allen Quarles Electrical Contractor, Inc., and had done business with Patrick-Reed Lumber Company, Inc. for a number of years. Mr. D. L. Patrick, President of Patrick-Reed Lumber Company, Inc., testified that in January of 1966 Mr. Quarles told him he was closing his electrical contracting business, and he desired *434 to purchase certain materials to convert the carport of his residence into: a hobby and electronics shop. Various purchases were made during the month of January totaling $265.15, and the invoices were addressed to Mr. Allen Quarles, Jr., at his residence address of 2911 Rebel Drive, Bossier City. In April, 1966, petitions in bankruptcy were filed by both the Quarles Corporation and Mr. Quarles personally.i The indebtedness to Patrich-Reed of $265.15 was listed on the schedule of creditors in the corporate bankruptcy proceeding only. Notice of the corporate proceeding was sent and received by Patrick-Reed but no notice of the personal bankruptcy proceeding was directed to it.
To justify his position that this indebtedness was in truth and in fact a corporate indebtedness and correctly listed on the corporate bankruptcy schedule of creditors, defendant relies upon a statement rendered by Patrick-Reed on January 31, 1966, which is addressed to Allen Quarles Electrical Contractor, Inc., reflecting a total due of $262.11. It was explained in the testimony of Mr. Patrick that prior to January of 1966 all purchases made by Mr. Quarles were paid for by the Quarles Corporation and that only a ledger card for the corporation was maintained in their office. He further explained that when the items were purchased in January for the personal account of Mr. Quarles the bookkeeper was not properly advised of Mr. Quarles’ instructions to Mr. Patrick and erroneously billed these items to the corporation.
We think the evidence substantiates the finding of the trial judge that the purchases made in the month of January, 1966, which comprise the debt sued on in this matter, were for the personal account of Mr. Quarles and not for the corporation. The invoices were all addressed to him personally and were receipted for at his personal residence. It is even admitted in the testimony of Mr. Quarles that these items were used in the improvement on his residence.
Defendant’s alternative defense is based on the following provision of the Bankruptcy Statute, 11 U.S.C.A. § 35:
. “ (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * *
He sought to prove actual knowledge of the personal bankruptcy proceedings on the part of Patrick-Reed. by the testimony of Mrs. Fay Quarles, wife of the defendant. Mrs. Quarles testified that she had a conversation with Mr. Patrick after the bankruptcy petitions were filed and discussed this subject with him. In her version of the conversation she recalled having mentioned to Mr. Patrick that her husband had filed a personal proceeding as well as a corporate one. Mr. Patrick, on the other hand, testified that from the conversation he did not understand that any personal bankruptcy proceeding had been filed. He further testified he was not concerned over the filing of the corporate petition because the corporation only owed him $7.52, and his company owed the corporation approximately the same amount, which would serve to offset this debt.
The lower court, after hearing the conflicting testimony of these two witnesses, concluded that the defendant had not borne the burden of proving actual knowledge on behalf of Mr. Patrick! by a preponderance of the evidence. In the case of Lashover v. Audler, 171 So.2d 834 (La.App. 4th Cir., 1965), the Court held that the burden rests on the defendant to adequately prove actual knowledge of the proceeding on the part of the plaintiff and that actual knowledge means more than the knowledge which might result from a casual reference to a bankruptcy in a chance meeting.
*435 We find no manifest error in the conclusion of the trial judge that plaintiff’s assignor was not possessed of actual knowledge of the pendency of the personal bankruptcy proceeding within the meaning of the Bankruptcy Act.
For the foregoing reasons the judgment appealed from is hereby affirmed at appellant’s cost.