In re John Kingsley STRATTON, Judith F. Stratton, Debtors.

John Kingsley STRATTON, Judith F. Stratton, Plaintiffs,

v.

Thomas W. HAGAN, et al., Defendants.

Bankruptcy No. 3–80–01236.
Adv. No. 3–83–0012.

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 22, 1983.

W. Stephen Reisz, Louisville, Ky., for plaintiffs/debtors.

Bert M. Edwards, Louisville, Ky., for defendants Hagans.

Rand E. Kruger, Louisville, Ky., for defendants Townsends.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

Relief by complaint to enforce the injunction pursuant to 11 U.S.C. § 524 is sought to prevent an unlisted creditor of a discharged debtor from proceeding in a state court action.

The stipulated facts disclose the debtors filed a petition under Chapter 7 on May 2, 1980, and failed to list the creditors now sought to be enjoined. A discharge was granted April 22, 1981. Thereafter, in a state court action, suit was instituted by the creditors Hagan against the debtors wherein the following pleadings are of record:

Complaint filed by creditors—1–13–82

Amended and Supplemental Complaint filed—2–12–82

Answer by debtors filed—2–12–82

Amended and Supplemental Complaint filed—6–21–82

Debtors filed Third Party Complaint v. Townsend—7–23–82

Answer and Counterclaim v. debtor filed by Townsend—8–11–82

Reply by debtor to Counterclaim filed—8–13–82

Amended and Supplemental Complaint by creditors filed—12–20–82

Supplemental Answer filed by debtor—12–72–82

Amended and Supplemental Complaint filed—1–6–83

At no time in the above litany of pleadings did the debtor assert the affirmative defense of bankruptcy to the creditors' complaint or to the Third Party Counterclaim until December 27, 1982, in a Supplemental Answer filed that date. In addition, upon commencement of the state court action, no proceedings were instituted to reopen the bankruptcy for the purpose of adding by amendment the unlisted creditor. Rather, by complaint filed January 12, 1983, the debtors seek to invoke the discharge injunction versus these unlisted creditors on the basis the creditors had actual knowledge of the bankruptcy, and thus, even though unlisted are within the exception pursuant to 11 U.S.C. § 523(a)(3)(A).

The issue here presented is whether these unlisted creditors had actual knowledge of the debtors' bankruptcy petition and discharge.

At the hearing held on February 3, 1983, the parties appeared in person and by counsel, testified and submitted documentary evidence on the issue of actual knowledge. Dr. and Mrs. Hagan, the unlisted creditors, testified they had no actual knowledge of the debtors' bankruptcy until December 27, 1982. They acknowledged that about May or June of 1980, at a neighborhood function, mention was made that the debtors were experiencing financial difficulties and may or had filed for bankruptcy relief. This was the total "actual knowledge" acquired by these creditors of the debtors' contemplated actions to address or resolve their financial distress. No further corroboration of this rumor was given to them in the ensuing eighteen months prior to the filing of their state court action. In December of 1981, written demand was made on the debtors and telephone conversations with the debtors were had, yet debtors did not disclose their discharge in bankruptcy. These efforts having failed, suit was filed in state court on January 13, 1982.

11 U.S.C. § 523(a)(3)(A), the successor to § 17a(3) under the Bankruptcy Act, provides as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such filing....

■ The burden rests on the debtors to prove timely actual knowledge of proceedings in bankruptcy on the part of the unlisted creditor. *In Re Venson,* 234 F.Supp. 271 (U.S.D.C.N.D.Ga.1964). Here, by stipulation, it is admitted the creditors in question were unlisted and did not receive notice of the pending bankruptcy proceedings.

*Lashover v. Audler,* 171 So.2d 834 (La. App.1965), in interpreting the degree of knowledge required to satisfy the exception set forth in 11 U.S.C. § 523(a)(3)(A), stated: "... 'Actual knowledge of the proceedings in bankruptcy' in our opinion consists of more than the knowledge which might result from a casual reference to a bankruptcy in an offhand manner during a conversation attendant upon a chance meeting. It means knowledge of facts at least sufficient to apprise the creditor that a proceeding is actually commenced and where that proceeding is pending...." At 836.

Of like import is *Shreveport Wholesale Credit Men's Association, Inc. v. Quarles,* 212 So.2d 433 (La.App.1968), which held: "... [T]he burden rests on the defendant to adequately prove actual knowledge of the proceeding on the part of the plaintiff and that actual knowledge means more than the knowledge which might result from a casual reference to a bankruptcy in a chance meeting." At 434.

The sole basis upon which debtor relies in imputing "actual knowledge" by the unlisted creditors is the testimony that the Hagans at or about the time of the bankruptcy petition and from third parties in a chance meeting were advised the debtors were experiencing financial difficulties and had or may be required to resort to bankruptcy relief. No further information verifying this situation was received by said creditors, and in subsequent correspondence and personal conversations with the debtors regarding the debt in question the debtors failed to disclose the bankruptcy. Indeed, even after the filing of the state court action, the existence of the debtors' bankruptcy remained undisclosed until belatedly pled on December 27, 1982, in debtor's supplemental answer filed in the state court action that date.

■ Actual knowledge as contemplated by 11 U.S.C. § 523(a)(3)(A) is information generally equivalent to legal notice. Here the creditors' sole information was to the extent of the rumor relating to the debtors' financial condition, which information was never subsequently verified by the debtor when presented the occasion to disclose to these unlisted creditors their petition for bankruptcy relief and subsequent discharge.

The unsubstantiated rumor relating to the debtors' financial condition is insufficient to be generally equivalent to legal notice sufficient to permit the creditor to be apprised as to the time and place of the bankruptcy filing and to participate in its administration. Accordingly, it is the opinion of the Court that the debtor has failed to sustain the burden of proving the unlisted creditors had actual timely notice of the proceedings in bankruptcy.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Proceedings.

For the foregoing reasons and the Court being sufficiently advised,

IT IS ORDERED AND ADJUDGED that the debtors' complaint and motion to enforce the discharge injunction provided under 11 U.S.C. § 524 be and they are hereby overruled, and the parties are hereby authorized to proceed on the merits in the state court action. This is a final order.