In re Stanley John BUTT and Anna Mildred Butt, Debtors.

Stanley John BUTT and Anna Mildred Butt, f/d/b/a Avon Grain Company, Plaintiffs,

v.

HARTFORD INSURANCE COMPANY, Defendant.

Bankruptcy No. 184–00220.
Adv. No. 86–8108.

United States Bankruptcy Court, C.D. Illinois.

Jan. 26, 1987.

William H. Knuppel, Boggs, Knuppel & Krebaum, P.C., Havana, Ill., for plaintiffs.

William I. Covey, Heyl, Royster, Voelker & Allen, Peoria, Ill., for defendant.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Prior to the filing of their Chapter 7 proceeding, the PLAINTIFFS owned and operated Avon Grain Company (AVON). On December 21, 1981, the PLAINTIFFS signed an Indemnity Agreement with the DEFENDANT, agreeing to indemnify the DEFENDANT for any payment it might be required to make on AVON's warehouse bond issued by the DEFENDANT, and on December 28, 1981, the DEFENDANT issued the warehouse bond. AVON experienced financial difficulty, and on February 7, 1984, the PLAINTIFFS, f/d/b/a AVON, filed a Chapter 7 proceeding. In their Statement of Affairs, the PLAINTIFFS included "Claim by A.S.C.S. against Hartford Insurance Company on warehouse bonds ..." and on their Schedule A–3 they listed the claims of the State of Illinois Department of Agriculture and the Commodity Credit Corporation. The PLAINTIFFS did not list the DEFENDANT as a creditor. As a result of an administrative hearing held by the Illinois Department of Agriculture to establish DEFENDANT's liability on the warehouse bond, the DEFENDANT was ordered to pay to the Director of the Illinois Department of Agriculture the sum of $64,695.16. The DEFENDANT, seeking to recover on the Indemnity Agreement, then brought suit in the state court of Illinois against the PLAINTIFFS for the amount it paid pursuant to the administrative order. The last date for filing claims in the PLAINTIFFS' bankruptcy proceeding was September 16, 1984, and the last date for filing a complaint to determine the dischargeability of a debt or objections to the discharge was September 25, 1984. The PLAINTIFFS received their discharge on October 7, 1984. The DEFENDANT first learned of the PLAINTIFFS' bankruptcy in November of 1984.

On March 24, 1986, the PLAINTIFFS filed a complaint in this Court to determine the dischargeability of their debt to the DEFENDANT. In their complaint the PLAINTIFFS contend the Indemnity

Agreement which they signed was an executory contract, was not liquidated or known to them at the time they filed their bankruptcy, and they couldn't anticipate a claim would ultimately be made against them by the DEFENDANT. The DEFENDANT filed an answer and affirmative defenses which basically contend the PLAINTIFFS were aware they had signed the Indemnity Agreement and as they were aware of the A.S.C.S. claim against the DEFENDANT, PLAINTIFFS were aware of the DEFENDANT's claim against them, and furthermore, that on April 24, 1984, the DEFENDANT so notified the PLAINTIFFS. DEFENDANT further contends that the debt was not discharged because the DEFENDANT was not listed on PLAINTIFFS' schedules, the time for filing claims has expired, and PLAINTIFFS have received their discharge.

The PLAINTIFFS and the DEFENDANT agreed to submit the matter on cross motions for summary judgment. In PLAINTIFFS' motion filed October 16, 1986, they contend as they were not indebted to the DEFENDANT at the time they filed their Chapter 7 proceeding, they did not list the DEFENDANT. They then go on to contend that after the DEFENDANT was required to pay the $64,695.16, they amended their schedules to add the DEFENDANT as creditor, that the DEFENDANT will share in the distribution, and the case should be reopened to permit the discharge of the debt. In response, the DEFENDANT's Motion for Summary Judgment contends that pursuant to Section 523(a)(3)(A) the debt was not discharged because it was not scheduled and the DEFENDANT did not have a timely opportunity to file a proof of claim.

On October 15, 1986, the DEFENDANT filed a proof of claim. On November 7, 1986, the trustee filed an objection to the DEFENDANT's claim on the grounds that it was late filed. Subsequently, this Court held a hearing on the trustee's objection. The PLAINTIFFS did not appear at the hearing. The DEFENDANT took the position that pursuant to Section 726(a)(2)(C) its claim should be paid along with other unsecured claims, for although the claim was filed late, the DEFENDANT had no notice or actual knowledge of the case in time to timely file a claim and the claim was filed in time to be paid. The Trustee agreed with the DEFENDANT's position. This Court denied the objection.

Section 523(a)(3) of the Bankruptcy Code excepts from discharge any debts which are not listed on the debtor's schedules in time to permit the creditor (1) to timely file a proof of claim for a debt, if not of the kind specified in Section 523(a)(2), (4) or (6); or, (2) to timely file a proof of claim and to timely request a determination of dischargeability of such debt if the debt is of a kind specified in Section 523(a)(2), (4) or (6). 11 U.S.C. Sections 523(a)(3)(A) & (B). This section is subject to an exception where the creditor had notice or actual knowledge of the case in time for such timely filing. There is no indication that the DEFENDANT's claim is of a type covered by Section 523(a)(2), (4) or (6). Therefore, the provisions of Section 523(a)(3)(A) are applicable. Furthermore, it is not disputed that the DEFENDANT's debt was not initially scheduled, or that DEFENDANT did not receive notice or actual knowledge of the case, for the timely filing of a claim within the claim date.

■ The first issue before this Court is whether the plaintiffs' obligation to the defendant was a "debt" which triggered the effect of Section 523(a)(3)(A). Section 101(11) defines the term "debt" to mean liability on a claim. Section 101(4) defines the term "claim" to mean a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. The definition of the term "debt" relies heavily on the term "claim". The two terms are co-extensive. That is, a creditor has a claim against the debtor and the debtor owes a debt to the creditor. Since the definition of "debt" is the counterpart to that of "claim" the comments to Section 101(4) should also be consulted. 2 *Collier on Bankruptcy*, para. 101.11 (15th ed. 1986). The definition of a "claim" is

quite broad. 2 *Collier on Bankruptcy*, para. 101.04 (15th ed. 1986). A guarantor or a surety for a debtor holds a contingent claim. *McColley v. Matmon Gem Co., Inc., (In re Candor Diamond Corp.*, 11 C.B.C.2d 755, 44 B.R. 195 (Bkrtcy.S.D.N.Y. 1984).) In the case before this Court, because of the PLAINTIFFS' agreement to indemnify the DEFENDANT from loss on the warehouse bond, the PLAINTIFFS were indebted to DEFENDANT, and the DEFENDANT held a contingent claim against the PLAINTIFFS.

The next issue is whether the PLAINTIFFS can correct their failure to list the debt and the resulting nondischargeability, by filing amended schedules. If completed in accordance with Bankruptcy Rule 1009, schedules may be amended to include an omitted debt and thereby avoid nondischargeability. But the amendment must be made and the creditor notified to allow the creditor to timely file a proof of claim. 3 *Collier on Bankruptcy*, para. 523.13(1) (15th ed. 1986). The time for filing a claim is governed by Bankruptcy Rule 3002(c) which provides a claim must be filed within 90 days after the first date set for the Section 341 meeting of creditors unless one of the stated six exceptions are applicable. 3 *Collier on Bankruptcy*, para. 501.01 (15th ed. 1986). None of the six exceptions are applicable to this case. The PLAINTIFFS have not cited any cases which permits a debtor in an asset case to amend his schedules to add a creditor after the time for filing claims has passed.[1] The case before this Court is an asset case and that time has passed. If this Court's analysis stopped at this point, it would have to hold the PLAINTIFFS may not amend their schedules to add the debt due the DEFENDANT and that the debt cannot be discharged by bankruptcy.

However, this Court must consider the interaction of Section 523(a)(3) and Section 726(a)(2)(C) and decide whether a creditor who receives a distribution pursuant to Section 726(a)(2)(C) may object to the dis-

chargeability of a debt pursuant to Section 523(a)(3). This issue appears to be one of first impression.

In order for a debt to be declared nondischargeable under Section 523(a)(3), prejudice to the creditor must be shown. *In the Matter of Baitcher*, 36 B.R. 588 (Bkrtcy.N. D.Ga.1983). Under Section 523(a)(3)(A) the prejudice is limited to failure to participate in the dividend. *In the Matter of Zablocki*, 36 B.R. 779 (Bkrtcy.Conn.1984). However, the DEFENDANT's claim was filed, and pursuant to Section 726(a)(2)(C) the DEFENDANT will receive a distribution just as if it had been initially scheduled and a claim filed within the claim date. As the DEFENDANT is sharing in the distribution, it has not been prejudiced by the initial failure of the PLAINTIFFS to list it as a creditor. The DEFENDANT cannot have the best of two worlds. It cannot have its claim treated as a timely filed claim and receive a distribution, and then assert the claim was not discharged because of the PLAINTIFFS' failure to properly schedule the claim. At one point in time this may not have been the result. In *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904), the creditor obtained knowledge of the bankruptcy case in time to prove its claim and in time to revoke the discharge of the bankrupt. The Supreme Court held that the creditor had insufficient notice because

"actual knowledge of the proceedings, contemplated by the section, is a knowledge in time to avail a creditor of the benefits of the law,—in time to give him an equal opportunity with other creditors,—not a knowledge that may come so late as to deprive him of participation in the affairs of the estate."

Section 523(a)(3) was enacted to overrule this decision. 3 *Collier on Bankruptcy*, para. 523.13(5) (15th ed. 1986).

Therefore, THIS COURT HOLDS that due to the claim being paid pursuant to Section 726(a)(2)(C), the DEFENDANT is

---

1. This Court is aware of the decision in *Stark v. St. Mary's Hospital, (In re Stark)*, 717 F.2d 322, 9 C.B.C.2d 319 (7th Cir.1983) where the Court of Appeals held that a debtor could reopen a no asset case in order to list an omitted creditor when there was no evidence of fraud or intentional design.

not prejudiced under Section 523(a)(3)(A) and therefore the debt is DISCHARGED pursuant to Section 523.

IT IS, THEREFORE, ORDERED that the debt due DEFENDANT, Hartford Insurance Company, by the PLAINTIFFS, Stanley John Butt and Anna Mildred Butt, f/d/b/a Avon Grain Company, be and is hereby discharged in bankruptcy.

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.