In re Jay S. LAYMAN and Sheila Layman, Debtors.

William M. BLACKSHEAR, Appellant,

v.

Jay S. LAYMAN, Appellee.

No. 91–211–CIV–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 6, 1991.

**496**

Patrick William Skelton, Ruiz, Skelton & Maloney, P.A., Tampa, Fla., for appellant.

Jeffery Lee Shibley, Tampa, Fla., for appellee, debtors.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Final Judgment of the Bankruptcy Court for the Middle District of Florida, Tampa Division, entered on October 31, 1990, by Bankruptcy Judge Thomas E. Baynes, Jr.

### STANDARD OF APPELLATE REVIEW

Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Carapella (Carapella v. Carapella),* 115 B.R. 365, 367 (M.D.Fla.1990), *aff'd,* 925 F.2d 1474 (11th Cir.1991). Findings of fact shall not be set aside unless clearly erroneous. *Griffin v. Missouri Pacific Railroad Co.,* 413 F.2d 9, 12 (5th Cir.1969); *In re Downtown Properties, Ltd. (Amsouth Bank, N.A. v. Hartman),* 794 F.2d 647, 651 (11th Cir.1986); Bankruptcy Rule 8013.

### FACTS

1. William M. Blackshear (Appellant) was a guarantor on an adjustable rate loan to Jay S. Layman, Appellee (Debtor) in the amount of $3,405.25. Debtor borrowed the funds from the USF Credit Union on May 20, 1987, executing a note which was also signed by Appellant.

2. Debtor voluntarily filed for protection under Chapter 7 of the U.S. Bankruptcy Code on December 28, 1987, and failed to list Appellant as a creditor. The debt in question was discharged in this no-asset proceeding.

3. Appellant was sued by the credit union in state court and ordered to make full payment of the note. Appellant brought this proceeding in Bankruptcy Court in the Middle District of Florida to have the debt declared nondischargeable due to the failure of Debtor to include Appellant in his list of creditors and the failure of the Appellant to receive formal notice of the proceedings in time to enter the proceedings.

4. Appellant also alleged that Debtor had obtained the loan under false pretenses and had intentionally omitted Appellant's name from his schedule of creditors.

5. Testimony at an evidentiary hearing indicated that approximately ten days prior to the creditors' meeting, the credit union had telephoned Appellant informing him of the Debtor's bankruptcy, the pending creditors' meeting, and of his liability on the note. The credit union representative further testified that Appellant had responded by saying he would have his attorney attend the creditors' meeting. Appellant neither attended nor was represented at the bankruptcy proceedings.

6. Following an evidentiary hearing, the Bankruptcy Court issued a Final Judgment dated October 31, 1990, in which the Court found in favor of Debtor under 11 U.S.C. § 523(a)(3)(B) and declared the debt to be dischargeable. The Court stated in its Findings of Fact that Appellant had actual knowledge of the bankruptcy as a result of the call from the credit union.

### ISSUES

I. WHETHER THE COURT ERRED IN FINDING THAT APPELLANT HAD ACTUAL KNOWLEDGE OF THE BANKRUPTCY PROCEEDINGS FOR THE PURPOSES OF § 523(a)(3)(B)?

II. WHETHER THE DISCHARGE OF AN UNLISTED CONTINGENT CREDITOR'S CLAIM IN BANKRUPTCY BASED ON ACTUAL KNOWLEDGE VIOLATES THE CREDITOR'S RIGHT TO PROCEDURAL DUE PROCESS?

### DISCUSSION

I. WHETHER THE COURT ERRED IN FINDING THAT APPELLANT HAD ACTUAL KNOWLEDGE OF THE BANKRUPTCY PROCEEDINGS FOR THE PURPOSES OF § 523(a)(3)(B)?

■ 11 U.S.C. § 523(a)(3)(A) states that a debt will be nondischargeable if the credi-

tor does not receive notice in time to file a proof of claim. § 523(a)(3)(B) creates an additional requirement for creditors whose claims involve § 523(a)(2), (4), or (6) allegations of fraud, false pretenses or willful injury. For these claims, a debt is nondischargeable unless the creditor receives notice in time to dispute the discharge of the debt and in time to file a timely proof of claim. In both (A) and (B), the exceptions only apply if the creditor has neither *notice* nor *actual knowledge* of the bankruptcy proceeding.

■ Creditors bear a heavy burden to protect their claims under section 523. *In re Alton*, 837 F.2d 457 (11th Cir.1988). An unscheduled creditor who receives actual knowledge of the bankruptcy is put on inquiry notice of the proceedings. It then becomes the creditor's duty to inquire as to the bar date for filing a nondischargeability complaint or proof of claim. *In re Price*, 79 B.R. 888, 891, 893 (9th Cir. BAP 1987), *aff'd*, 871 F.2d 97 (9th Cir.1989). Where a creditor has knowledge of the date of a proceeding, the requirements of due process are satisfied. *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir.1989).

It is undisputed that the Appellant in this case received no formal notification of the bankruptcy proceeding. However, the credit union representative testified that she specifically informed Appellant of the bankruptcy proceeding and the date of the creditors' meeting prior to its occurrence. The Bankruptcy Court found the evidence sufficient to find that Appellant had been told of the proceeding. This finding was based largely on the credibility of the witnesses before the court, and will not be disturbed.

■ Appellant disputes as a matter of law that the conversation with the credit union was adequate to supply "actual knowledge" as required by section 523(a)(3). In *In re Gray*, 57 B.R. 927 (D.R.I.), *aff'd and remanded*, 60 B.R. 428 (D.R.I.1986), the court defined actual knowledge for purposes of section 523(a) to mean "knowledge of facts sufficient to apprise the creditor that a case was actually filed, and where that proceeding is pending." The *Gray* court relied upon *In re Stratton (Stratton v. Hagan)*, 29 B.R. 93 (W.D.Ky.1983), where the court found that an unsubstantiated rumor of the debtor's bankruptcy, passed on by third parties at a neighborhood function, was not sufficient to create the degree of "actual knowledge" anticipated in 523(a)(3)(A). The court found this section requires "information generally equivalent to legal notice." *Id.* at 95. The *Stratton* court relied on *Lashover v. Audler*, 171 So.2d 834 (La.App. 1965) and *Shreveport Wholesale Credit Men's Ass'n, Inc. v. Quarles*, 212 So.2d 433 (La.App.1968), where courts had similarly found that a casual reference to a debtor's bankruptcy, made in an offhand manner at a chance meeting, is not sufficient to create actual knowledge under this section.

In Appellant's case, however, the conversation in which he learned of the bankruptcy was much more than a casual remark. The credit union representative informed Appellant of the date and time of the initial creditors' meeting. The conversation was also one which the Appellant could not have easily dismissed, since its impetus was to inform him of his own liability on the note as guarantor. The call from the credit union placed Appellant on inquiry notice to discover the details of the debtor's bankruptcy.

## II. WHETHER THE DISCHARGE OF AN UNLISTED CONTINGENT CREDITOR'S CLAIM IN BANKRUPTCY BASED ON ACTUAL KNOWLEDGE VIOLATES THE CREDITOR'S RIGHT TO PROCEDURAL DUE PROCESS?

■ Appellant has suggested that, as a contingent creditor whose claim arose only after the bankruptcy proceeding, he should have been entitled to some greater measure of notice than the "actual knowledge" required for current creditors. Appellant argues that the due process requirements of adequate and sufficient notice and an opportunity to preserve his rights have not been met, because as a contingent creditor, he did not "fully appreciate" the need to act to preserve his rights in bankruptcy.

The right of a creditor to be present from the beginning of the bankruptcy proceedings was settled when Congress enacted section 523(a)(3). The provision creates an exception to discharge where a debt was not listed or scheduled, unless there was actual knowledge on the part of an unscheduled creditor. The provision was intended to overrule *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904), in which the Supreme Court had taken the position that a creditor is entitled under the Due Process Clause to an equal opportunity to participate in all bankruptcy proceedings from the start. *See In re Butt*, 68 B.R. 1001, 1003 (Bankr.C.D.Ill.1987). The Eleventh Circuit noted in *Matter of Baitcher*, 781 F.2d 1529, 1534 (11th Cir.1986) that the *per se* rule of *Birkett* was no longer effective, and that a discharge in a no-asset case should not be denied because the debtor failed to schedule the debt due to an honest mistake.

On the other hand, the Eleventh Circuit in *Baitcher* declined to adopt a *per se* rule that failure to notify a creditor in a no-asset case creates no prejudice to the creditor. In a no-asset case, it is not too late to file a timely proof of claim until assets are discovered for distribution, and hence a creditor would have an equal opportunity to share in any assets later discovered and distributed. *See In re Bulbin (Gordon v. Bulbin)*, 122 B.R. 161 (Bankr.D.D.C.1990). Nevertheless, the *Baitcher* court found that it would be inappropriate to rule, upon a motion for summary judgment, that there was no prejudice to the creditor, and ordered a full fact-finding procedure to be held. In the instant case, Appellant has had the opportunity to present his case at an evidentiary hearing, and no evidence of fraud or intentional design was found by the Bankruptcy Court. The court's findings of fact specifically state that Appellant was not scheduled as a creditor due to an "unintentional error." No assets have been distributed from the Debtor's estate. Given Appellant's opportunity to present his claim, he has been deprived of no due process rights.

Appellant argues that some greater measure of notice should be required for a contingent creditor who has no current claim. However, the Bankruptcy Code includes a contingent creditor as a claimant along with all other creditors. Section 101(4) defines the term "claim" to mean a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. *See In re Butt*, 68 B.R. 1001, 1003 (Bankr.C.D.Ill. 1987) (guarantor or surety has a claim for purposes of bankruptcy). As noted above, the Appellant's actual knowledge of Debtor's bankruptcy proceeding, combined with the knowledge that the credit union was looking to him for payment of the note, should have spurred Appellant to guard his rights.

■ Appellant's request at the evidentiary hearing for payment of costs and attorney's fees under 11 U.S.C. § 523(d) was denied by the Bankruptcy Court, because that section is limited to claims under section 523(a)(2). Appellant has requested costs and attorney's fees in connection with this appeal. No authority is offered for such an award. Likewise, Appellee has requested costs and fees. The costs of appeal shall be taxed to Appellant per Bankruptcy Rule 8014. This Court does not find Appellant's appeal so frivolous as to warrant an imposition of attorney's fees. *In re Morrell (Walsh v. Misenar)*, 42 B.R. 973 (N.D.Cal.1984). Accordingly, both requests for attorney's fees shall be denied.

## CONCLUSION

The Bankruptcy Court's finding that the Appellant had actual knowledge of the Debtor's bankruptcy proceeding was supported by the evidence and will not be disturbed. The actual knowledge was not acquired as the result of a casual remark at a chance meeting, but through a phone call during which Appellant was informed of the date of the proceeding. This type of notice satisfies the "actual knowledge" requirement of 11 U.S.C. § 523(a)(3) to allow discharge of the debt. Appellant's status as a contingent creditor entitles him to no

greater notice than any other creditor, so Appellant's due process claim is without merit. Accordingly, it is

ORDERED that the Bankruptcy Court's order finding the debtor's debt dischargeable is AFFIRMED. It is further ORDERED that the Bankruptcy Court's denial of attorney's fees is AFFIRMED. The Clerk of the Court is directed to enter judgment in accordance with this Order.

DONE and ORDERED.