**In re William Hollis BROWN and Debra Lyn Brown, Debtors.**

**Today Homes, Inc., Plaintiff,**

**v.**

**William Hollis Brown and Debra Lyn Brown, Defendants.**

Bankruptcy No. 00–18100–BH.
Adversary No. 01–1036–BH.

United States Bankruptcy Court, W.D. Oklahoma.

Oct. 1, 2001.

John W. Swinford, Oklahoma City, Counsel for the Plaintiff.

Joseph Angus, Oklahoma City, Michael J. Rose, Oklahoma City, Counsel for the Defendants.

### MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Bankruptcy Judge.

This matter comes before the Court on the Defendants' motion to dismiss, which has been treated as a motion for summary judgment. *See* FED. R. BANKR. P. 7012(b). A hearing has been conducted [1], and the motion was taken under submission. For reasons explained below, the Defendants' motion is denied.

The issue is whether the Plaintiff's complaint under 11 U.S.C. § 523 is untimely where it was brought after the bar date for filing complaints had passed. The Plaintiff did not receive actual notice of the bar date because it was not shown as a creditor on the Defendants' list of creditors. Insiders of the Plaintiff also never received notice nor had actual knowledge that the Defendants had filed a bankruptcy petition.

The complaint asserts two claims: (1) that the debt was incurred through false pretenses, false representations and/or actual fraud and (2) that the debt arose from a willful and malicious injury. *See* 11 U.S.C. § 523(a)(2), (a)(6). The parties were involved in a construction venture,

---

1. This Court heard oral testimony on the motion, an unusual procedure which was employed, because resolution of issue of whether the Plaintiff had notice or actual knowledge was the critical issue. *See,* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2723 at 387 (citing several cases in which oral testimony was heard on a motion for summary judgment and explaining that Rule 43(e) of the Federal Rules of Civil Procedure permits oral testimony on motions for summary judgment but noting it should be used sparingly).

and the Plaintiff claims that the Debtor obtained money and credit by fraudulently indorsing checks to subcontractors and creditors; by producing fraudulent invoices for services not provided under a construction contract; and by billing and obtaining payment for items never delivered.

### Findings of Fact

Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the following are the findings of fact:

1. Defendant, William Brown and Bud Bartley, president and insider of the Plaintiff, are brothers-in-law.

2. Mr. Brown, Mr. Bartley, and their wives had a close relationship for several years before this dispute arose. The parties entered into a joint venture in the construction business. As a result of the joint venture, Defendant Brown became indebted to Bartley personally, to Bartley's corporation, Plaintiff Today Homes, Inc., and to Mrs. Bartley's proprietorship called Today Trends.

3. The Browns filed their Chapter 7 bankruptcy petition on October 11, 2000.

4. Prior to filing their petition the Browns had some conversations with the Bartleys that they intended to file for bankruptcy, but the Browns never directly told the Bartleys that they had in fact filed a petition.

5. Though obviously known to them, the Browns' list of creditors did not contain either the Bartleys or the Plaintiff. Mr. Brown knew he was indebted to both the Bartleys and the Plaintiff. He attempts to explain his failure to list the Bartleys or the Plaintiff by saying he was not certain of the exact amount of his debt.

6. This explanation is not persuasive especially given the fact that the Defendants list other creditors with debts in "unknown" amounts.

7. On October 20, 2000, the Clerk sent a notice to all the creditors listed on the initial schedules. Among other things, the notice specified the date set for the meeting of creditors held pursuant to 11 U.S.C. § 341 and the deadline to bring a dischargeability complaint under 11 U.S.C. § 523(c). The meeting of creditors was noticed for November 13, 2000, and the bar date for complaints was January 12, 2001.

8. On November 11, 2000, Mrs. Bartley faxed to the Browns a breakdown of the debt owed by the Browns to the Bartleys and their businesses. Apparently, the fax was sent at the request of Mr. Brown.

9. Because neither the Bartleys nor their entities were listed as creditors, the clerk's initial notice of bankruptcy was not sent to them.

10. On November 13, 2000, some three weeks after the Clerk had issued the notice, and on the day of the meeting of creditors, the Browns amended the list to include Mr. Bartley holding an unsecured, non-priority claim for almost $515,0000. The amended list also added Mrs. Bartley's business, Today Trends, as a creditor holding an unsecured, non-priority claim for almost $46,000. Mr. Brown claims that he did not list the Plaintiff because he considered Mr. Bartley and the Plaintiff to be the same entity.

11. The Court takes judicial notice that the Clerk does not send notices of bankruptcy to creditors added by amendment to the lists.

12. Although the amended list contains counsel's certificate of service dated November 13, 2000, saying that it was served on Bartley, it was never received by Bartley or Today Trends.

13. On January 17, 2001, which was after the bar date had passed, the Browns again amended the list to include the Plaintiff, Today Homes, Inc.

14. On January 22, 2001, the Clerk entered the discharge and a notice of discharge was mailed to Bartley. Bartley then had a conversation with an officer of a third-party bank where he learned for the first time that the Browns had filed a bankruptcy petition and he received a copy of the original notice of bankruptcy and other papers. This, of course, was after the bar date.

15. Upon learning of the bankruptcy, Bartley promptly contacted counsel, and the complaint was filed and served.

### Discussion

■■■ The issue is whether under these circumstances the Plaintiff's complaint is untimely. Under 11 U.S.C. § 523(a)(3), a debt is not discharged if it is not listed in time to allow the creditor to bring a timely complaint, unless the creditor had notice or actual knowledge of the case. *See* 11 U.S.C. § 523(a)(3). *Collier on Bankruptcy* explains:

> Under subsection (a)(3)(B), if a debt has not been scheduled in time for the creditor to seek a determination of dischargeability under section (a)(2), (a)(4), (a)(6) or possibly (a)(15) and [sic] debt is of the kind specified in any of those sections ... [sic], the debt is nondischargeable.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> [A] precondition for nondischargeability of such debts under section 523(a)(3) is

that the debts also be nondischargeable under subsection (a)(2), (a)(4), (a)(6) and possibly (a)(15). Thus, in such cases, section 523(a)(3) does not provide an independent basis for a nondischargeability determination. In effect, the penalty for failure to schedule such a debt is not nondischargeability but is the loss of the 60–day limitations period applicable in such dischargeability determination actions and possibly the loss of the debtor's right to exclusive federal jurisdiction of dischargeability determinations under section 523(a)(4), (a)(6) and (a)(15).

6 *Collier on Bankruptcy* ¶ 523.09[1] at 523–61 & 62 (Lawrence P. King, ed., 15th ed.1979) (footnotes omitted). *See also*, FED. R. BANKR. P. 4007(c) (establishing that complaints brought under § 523(a)(2), (a)(4), and (a)(6) generally must be brought within 60 days of the first date set for the meeting of creditors).[2]

The policy behind allowing unlisted creditors without notice or actual knowledge to bring a complaint after the bar date is explained in the following:

> As stated above, there is a time limit of sixty days, from the first date set, for the meeting of creditors to file requests for a determination of dischargeability of Section 523(a)(2), (4), or (6) claims under Section 523(c) and Rule 4007(c). Again, the reason for the time limit relates to problems of defending a tort or fraud claim after much time has passed. Section 523(a)(3)(B) allows creditors who were unlisted and without notice or actual knowledge of the case to circumvent the time limitations of Section 523(c).

---

2. To allow a creditor's debt to be discharged without notice or actual knowledge would violate the Fifth Amendment right to procedural due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *See also, Reliable Electric Co., Inc. v. Olson Constr. Co.*,

726 F.2d 620 (10th Cir.1984) (holding that a creditor's due process rights were violated where the creditor never received notice of the confirmation hearing and the creditor was therefore not heard on the plan of reorganization.)

The result is that these creditors are placed on equal ground with the other Section 523(a) claimants who have no time limit as to when a request for determination of dischargeability may be filed. The reason is because the former creditors do not have notice or actual knowledge of the Section 523(c) deadline. The right being protected is the creditor's right to have an entire debt declared non-dischargeable, regardless of the size of the debtor's estate, because of the nature of the claim. This interpretation of the statute allows a creditor to protect that right, and although the burden of proof is greater under sub-paragraph (B) than (A), so too are the benefits, if successful.

J. Neal Prevost, *We Left Them Off the List–Now What? Unscheduled Creditors in Chapter 7 Bankruptcies*, 54 LA. L. REV. 389, 404 (Nov.1993).

The Defendants contend that the Plaintiff had notice and actual knowledge of their bankruptcy case. They argue that *Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854 (10th Cir.1989), controls in this case. On the contrary, *Green* is easily distinguishable. In *Green*, the creditor claimed his complaint, which was brought after the bar date had passed, was timely because it had no notice or actual knowledge of the debtor's bankruptcy. The bankruptcy court, later affirmed by the Tenth Circuit, held that the complaint was untimely and specifically found that the creditor had actual notice of the bankruptcy petition and of the bar date. *See id.* at 856 n. 4.

However, the present case is factually distinguishable. Here, the Bartleys did not learn of the Defendants' petition or the bar date until after it had passed. The creditor in *Green*, on the other hand, had obtained a copy of the clerk's notice which included the bar date. Therefore, the creditor in *Green* could have brought the complaint before the bar date. Today Homes could not have done so since it never knew the bar date. Thus, *Green* does not control under these facts.

In this case, the Defendants argue that the Plaintiff had actual knowledge because it had been informed of the Defendants' intention to file for bankruptcy. However, "actual knowledge" does not exist where a creditor is only told of a debtor's intention to file for bankruptcy at some time in the future. *See Spilka v. Bosse (In re Bosse)*, 122 B.R. 410, 413 (Bankr.C.D.Cal.1990) For instance, in *In re Bosse*, the debtor argued that the creditor had "actual knowledge" of the bankruptcy where the debtor had told the creditor pre-petition that he was going out of business and intended to file for bankruptcy. The creditor even picked up the leased equipment from the debtor's business. The bankruptcy court concluded that the creditor did not have actual knowledge of the bankruptcy because the debtor "merely expressed his intent to file bankruptcy." *Id.* The court explained that, "Intent to file and actual filing are two different matters, intention falling within the realm of rumor or speculation . . . ." *Id. See also, Stratton v. Hagan (In re Stratton)*, 29 B.R. 93 (Bankr.W.D.Ky.1983) ("The unsubstantiated rumor relating to the debtors' financial condition is insufficient to be generally equivalent to legal notice sufficient to permit the creditor to be apprised as to the time and place of the bankruptcy filing and to participate in its administration.").

In this case, the Browns did inform the Bartleys that they would file for bankruptcy. However, the evidence shows only that they discussed their intention to file for bankruptcy, not the actual filing. Even though insiders were listed before the bar date, they had no notice or actual knowledge of the case to permit the Plaintiff to bring a timely determination of dis-

chargeability. Therefore, the Plaintiff is not bound by the sixty-day period.

The only remaining question to be determined is whether or not it is a debt of the kind specified in (a)(2) or (a)(6), and a hearing will be noticed for this determination.

### Conclusion

Accordingly, the Defendants' motion for summary judgment is hereby denied.