**In re Roger J. GARCHINSKY and Kathleen E. Garchinsky, Individually and as husband and wife, Bankrupts.**

**Bankruptcy No. 79–453EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 21, 1979.

Horace A. Stern, Wexler, Weisman, Maurer & Forman, P. C., Philadelphia, Pa., for bankrupts.

Raymond L. Nagy, Schragger, Schragger & Lavine, P. C., Trenton, N. J., for New Jersey Nat. Bank, a creditor.

Herman N. Silver, Philadelphia, Pa., for trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before me arises from the application of the New Jersey National Bank ("the bank"), a creditor of Roger J. Garchinsky ("the bankrupt"), to extend, nunc pro tunc, the time for filing a complaint objecting to the bankrupt's discharge. We will deny the application.

The bank had notice (as did all creditors) that the last day for filing complaints objecting to the bankrupt's discharge was July 24, 1979. But the application to extend the time for filing such complaints was not filed until October 18, 1979. In an effort to avoid the consequences of its delay, the bank contends that it was not until August 16, 1979 at a state court trial, that

it first learned of the facts upon which it desires to predicate its objections to the bankrupt's discharge.

 We cannot accept this bald assertion of a highly relevant fact when we have before us the notes of testimony of the first meeting of creditors, held on June 4, 1979. At that hearing the bankrupt was adequately examined by the bank's counsel on the very facts upon which the bank seeks to predicate its objections to the bankrupt's discharge.

Rule 404(c) provides that

The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

Collier on Bankruptcy, vol. 12, page 4–48, points out that

The conferral of this discretionary power by Rule 404(c) is not an open-ended grant, for, as the Advisory Committee Note shows, its exercise must be in keeping with the limitations of Rule 906(b) on enlargement of time within which action must be taken under an order or notice.

Counsel for the bank disagrees with this. He argues that "this rule does not make the granting of extensions of time dependent upon a showing of 'excusable neglect', as does Rule 6(b)(2), Federal Rules of Civil Procedure." Counsel is in error. Rule 906(b) of the Rules of Bankruptcy Procedure is directly applicable to the issue at bar and controls our ruling:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . .

The bank knew as early as May of 1979 (when it received notice from this court of the bar date for filing objections to the bankrupt's discharge) that the last day for filing such objections was July 24, 1979. The bank knew as early as June 4, 1979, (when the bankrupt was interrogated at the first meeting of creditors) all of the facts upon which it could predicate objections to the bankrupt's discharge. But it did nothing until October 18, when it belatedly filed the motion which is now at issue before us. No excusable neglect being evidenced by the above facts, we will now enter an order denying the bank's application.