**In re William P. HAMILTON, Jr., Debtor.**

**William P. HAMILTON, Jr., Plaintiff,**

v.

**ROANOKE ELECTRIC STEEL FEDERAL CREDIT UNION, Defendant.**

Bankruptcy No. 7–81–00367.
Adv. No. 7–82–0105.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

May 18, 1982.

Ross C. Hart, Roanoke, Va., for debtor/plaintiff.

Jeffrey H. Krasnow, Roanoke, Va., for defendant.

H. CLYDE PEARSON, Bankruptcy Judge.

The issues before the Court are:

(1) Is the Defendant's debt discharged pursuant to 11 U.S.C. § 523(a)(3)(A) because although the Defendant was not listed had actual knowledge of the Debtor's petition?

(2) What is the redemptive value of the Kawasaki Motorcycle upon which the Defendant holds a lien?

The Debtor, William P. Hamilton, Jr., filed a petition in this Court on March 25, 1981, seeking discharge of his debts. The Defendant was not scheduled upon the schedule of creditors for the reason as stated by the Debtor that he desired to pay this debt to maintain a credit line and his inability to pay following termination of his employment at Roanoke Electric Steel resulted in a suit and judgment in a State Court by the Defendant credit union. Following the entry of this judgment on February 10, 1982, the Debtor brought this adversary proceeding to have determined the dischargeability of the Defendant's debt and to redeem the motorcycle in accordance with 11 U.S.C. § 722.

The Court heard the evidence as to the foregoing issues in which it appeared that the credit union office was located in the general office area of Roanoke Electric Steel Company, employer of the Debtor. It was undisputed that Roanoke Electric Steel office received notice of the filing of the Debtor's petition in this Court because an Order Releasing Garnishment lodged against the Debtor at the time of the petition was directed to and received by the office and employees of Roanoke Electric Steel, thereby releasing said garnishment from further withholdings; that shortly after the petition was filed, the Debtor was terminated and because of payments not being made discussed with a member of the credit union loan committee the problems of bankruptcy and the filing of the petition. The Debtor positively testified that the credit union office personnel, as well as the member of the credit union loan committee one, Robert Saunders, had actual knowledge from the Debtor of the filing of the petition; that after being terminated, Saunders testified that he discussed the debt with the debtor but did not deny that the Debtor had advised him of the filing of the petition in this Court responding that he did not recall the Debtor telling him about the petition.

An employee of Roanoke Electric Steel payroll office testified that she regularly conferred with the office manager of the credit union relating to deductions from employees and other matters; that their offices were in close proximity within the same building and on the same floor.

The Office Manager, one Judith C. Dulany, testified that following the termination of the Debtor, she learned of the petition filed in this Court by the Debtor; that several people advised her that the Debtor was preparing to file a petition in this Court; that the credit union did not receive an actual notice from the Court for the apparent reason that they were not scheduled.

The Debtor testified that in addition to the officers of the credit union having knowledge of the petition filed in this Court that other employees had notice including the mill superintendent; that Mrs. Dulaney, the Manager, was specifically given notice when he was terminated shortly after the petition was filed in March of 1981.

■ From the foregoing facts and all other evidence submitted, the Court finds that the Defendant had knowledge of the petition herein and the debt is discharged pursuant to 11 U.S.C. § 523(a)(3)(A).[1]

■ Upon the issue of redemption, the Debtor testified that the motorcycle was worth two hundred to four hundred dollars. Another witness, one Lynell Wooden, who deals in motorcycles was called and testified that the motorcycle had been in a fire, was in bad condition and he would not pay more than $100.00 for the vehicle. The Defendant introduced no evidence as to the value of the motor vehicle except photographs and testimony of Mr. Saunders that he examined the bike at a time when it had no motor, tires or seat mounted thereon, and was dripping oil, however, later he further examined it when the parts were remounted upon the motorcycle, other than the foregoing, there was no evidence as to the value of the motorcycle. Accordingly, upon the evidence as to value, although fragmentary, the Court finds that the very maximum value placed upon the motorcycle is the Debtor's testimony of $200.00 to $400.00 and the Court fixes the sum of $400.00.

Based on the foregoing, the Court concludes that the debt is discharged and the Debtor may redeem the vehicle for the sum of $400.00 and an Order will accordingly be so entered.

---

1. The debtor's discharge constitutes a *prima facie* defense and the burden of proof is upon the defendant to show the facts sufficient that its debt is not discharged. *See* 3 *Collier on Bankruptcy 15th Ed.* § 523–89, 90.