In re Keith YOUNG, Debtor.

Keith YOUNG, Plaintiff,

v.

Sharon MARTIN, Defendant.

Bankruptcy No. 82–0670.
Adv. No. 81–02740.

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 22, 1983.

Donald H. Taube, Marion, Ohio, for plaintiff.

Raymond L. Beebe, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court upon the Complaint Objecting to Discharge filed by the creditor, Sharon Martin. The Debtor has answered the Complaint asserting that the objection was not timely filed and should, therefore, be dismissed. The parties have agreed to have this Court determine this issue based upon the briefs of counsel, inasmuch as it is solely a question of law. The Court has reviewed the arguments of counsel and the facts presented by this case. For the reasons set forth below, the Court finds that the Complaint Objecting to Discharge was not timely filed and should be dismissed.

## FACTS

On December 15, 1981, the Defendant-Debtor filed his bankruptcy petition. In the original schedule of debts the Plaintiff is not listed as a creditor. Accordingly, she did not receive the notice to creditors which was sent to all parties in interest by the Clerk of Court on January 12, 1982. That notice set the first meeting of creditors for February 1, 1982 (which was subsequently continued and held on February 16, 1982). The notice also established the last date for filing objections to discharge or exceptions to discharge as May 3, 1982. Because of the nature of the Plaintiff's claim, the details of which are not relevant to the issue now before this Court, she had already retained counsel and was aware of the fact that the Defendant had filed a petition with this Court. The specific source of her knowledge is unknown; however, such knowledge is evidenced by the fact that the Plaintiff's counsel appeared and participated at the first meeting of creditors. It is also evidenced by the fact that the Plaintiff's counsel wrote two letters to the Defendant's counsel, dated February 16, 1982, and February 19, 1982, in which he indicated that he intended to object to the Defendant's discharge. Further, the Plaintiff received a "Notification of Bankruptcy" entry on the record of a state court proceeding which the Plaintiff had initiated against the Debtor during the course of this case. On April 27, 1982, the Defendant filed an amended schedule wherein he listed the Plaintiff as an unsecured creditor. Service of the amendments and notice of the meeting of creditors was made the same day. This Complaint Objecting to Discharge was filed on June 24, 1982.

## LAW

The question raised by these facts is whether or not the Plaintiff had sufficient notice of the deadline for the filing of objections to discharge. There do not appear to be any prior decisions dealing directly with this issue, as most creditors, when faced with an expired deadline for filing objections move the Court, pursuant to B.R. 404(c), to enlarge the time within which to file. In order to receive such an extention the movant must demonstrate excusable neglect. *In re Peacock,* 14 B.R. 360 (Bkrtcy.N.D.Ohio 1981). In a case somewhat similar to the one at hand, the Court refused to find excuseable neglect where a creditor knew, two months prior to its passing, the appointed day for the filing of an objection to discharge. The creditor in that case was also aware of all the facts upon which to establish an objection one and one-half months prior to the deadline. *In re Garchinsky,* 1 B.R. 203 (Bkrtcy.E.D.Pa. 1979).

11 U.S.C. § 523 states in pertinent part: *"11 U.S.C. § 523. Exceptions to discharge.*

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...

(3) neither listed nor scheduled under section 521(1) of this title ... in time to permit—...

... timely filing of a proof of claim and timely request for a determination of dischargeability of such debt ... unless such creditor had notice or actual knowledge of the case in time for such timely filing and request..."

Under this provision a creditor, who has actual knowledge of his debtor's bankruptcy proceeding and has had sufficient time within which to file a proof of claim and complaint for a determination of dischargeability, has the obligation to protect his claim by filing the required papers. If he fails to act the debt he is owed will be discharged, even though he had not received formal notice and was not scheduled. *In re Hamilton,* 21 B.R. 487 (Bkrtcy.W.D. Va.1982). Inasmuch as the creditor seeks the ability to pursue the debtor regardless of whether he files a complaint to determine dischargeability or a complaint objecting to discharge, there does not appear to be any reason not to apply the principle of actual knowledge provided by 11 U.S.C. § 523(a)(3), as applied and limited by Bankruptcy Rule 404 to objections to discharge. This principle would require that a creditor

wishing to object to a debtor's discharge, who is not listed in the schedules but has actual knowledge of the bankruptcy proceeding in time to file a proof of claim and an objection to discharge, file such an objection within the prescribed time. His actual notice will suffice for official notice from the Court as long as he is given sufficient time within which to act to protect his rights.

■ In the present case it is apparent that the creditor had actual knowledge of the bankruptcy at least two and one-half months prior to the deadline for filing objections to discharge. Her participation at the creditor's meeting, the letters indicating the intent to object to discharge, and the notification of bankruptcy in the Plaintiff's state court action against the Defendant are all indicative of that knowledge. It is also apparent that the Plaintiff has not moved this Court for an extention of time within which to file a complaint. It would be difficult to say that the Plaintiff, armed with the knowledge of bankruptcy and the facts obtained at the creditor's meeting, adequately sought to defend her right to object to the Debtor's discharge. This failure would not constitute excusable neglect for purposes of extending the time within which to file an objection nor may it be used to justify a tardy filing in light of the time her knowledge of the bankruptcy proceeding was obtained.

Accordingly, it is ORDERED that the Plaintiff's Complaint Objecting to Discharge be DISMISSED.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.