In re Frank BURDEL, and Ruby
Burdel, Debtors.

Deborah Ann PAVLIK, Plaintiff,

v.

Frank BURDEL, Defendant.

Bankruptcy No. B90–13539.
Adv. No. B90–1391.

United States Bankruptcy Court,
N.D. Ohio, E.D.

April 16, 1991.

Richard Ginley, Cleveland, Ohio, for plaintiff.

Todd J. McKenna, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

The matters before the Court are the parties' cross-motions for summary judgment in the above-styled adversary proceeding. In this Chapter 7 proceeding, Deborah Ann Pavlik (Plaintiff) caused to be filed a motion for summary judgment which seeks the determination that a certain debt owed by Frank Burdel (Debtor, Defendant) is nondischargeable. In response, the Defendant filed his motion for summary judgment alleging the complaint was filed out of rule. Following a hearing, a review of the pleadings and the record, generally, the Defendant's motion for summary judgment is hereby granted.

### II.

The facts in this matter are not in dispute. On August 3, 1990, the Defendant filed a joint Chapter 7 petition. The Plaintiff was not listed as a creditor. The Defendant, on August 30, 1990, filed an amendment to the schedules adding the Plaintiff as a creditor. A copy of the amendment was sent to the Plaintiff with a letter advising her of the case number and time period for filing claims. The letter did not contain the last date for filing complaints to determine the dischargeability of a debt which the Court had previously set as November 5, 1990. On November 28, 1990, the Plaintiff filed a complaint to determine the dischargeability of her debt alleging the debt arose from the Defendant's fraud while acting in a fiduciary capacity. The Defendant, in the Common

Pleas Court of Cuyahoga County, Case No. CR 246909, pleaded guilty to a felony charge of theft while serving as executor for the estate of Thomas C. Kilma for misappropriating funds. The Plaintiff contends that her complaint is timely filed since the letter notifying her of the Defendant's bankruptcy petition did not disclose the bar date for filing such actions. Contrarily, the Defendant contends the complaint was not timely filed notwithstanding the failure of the letter to contain a bar date by which to bring such actions.

### III.

■ The principal dispositive issue is whether a creditor's actual knowledge of a bankruptcy proceeding, without receiving a formal notice of a bar date, excuses the untimely filing of a complaint to determine dischargeability. If so, collateral estoppel applies and the Plaintiff is entitled to summary judgment as the Defendant has already pleaded guilty to the elements of section 523(a)(4) of the Bankruptcy Code. If not, however, the Defendant is entitled to summary judgment as the complaint is barred by the applicable statute of limitation.

### IV.

The time frame for filing complaints to determine the dischargeability of a debt is governed by Rule 4007, Bankr.R. which, in part, provides:

Rule 4007. Determination of Dischargeability of a Debt.

(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion

shall be made before the time has expired. [Rule 4007(c), Bankr.R.]

Section 523 of the Bankruptcy Code further provides:

§ 523. Exception to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; [11 U.S.C. 523(a)(3)(B)]

■ "The statutory language of section 523(a)(3)(B) clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates." *In re Alton*, 837 F.2d 457, 460 (11th Cir.1988). Moreover, it places a burden on creditors with knowledge of a bankruptcy proceeding to act in order to protect their rights. *Matter of Compton*, 891 F.2d 1180, 1187 (5th Cir.1990). This furthers the bankruptcy policy of affording a fresh start to the debtor by preventing a creditor, who knew of a bankruptcy proceeding but who did not receive a formal notification, from standing back, allowing the bankruptcy to proceed without adjudication of his claim, and then asserting that the debt owed him is nondischargeable. *Alton, supra*, at 460. Finally, the overwhelming majority of Courts have denied the request to file a complaint to determine the dischargeability of a debt, after the deadline, where the creditor had notice of the pending bankruptcy proceeding. *See, e.g., Matter of Compton, supra; In re Alton, supra; In re Ezell*, 116 B.R. 556 (Bankr.N.D.Ohio 1990); *In re Young*,

33 B.R. 533 (Bankr.N.D.Ohio 1983). These judicial interpretations of § 523(a)(3)(B) are further buttressed by the legislative history of this statute which provides that no exception from discharge is provided where "the creditor had notice or actual knowledge of the case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977); S.Rep.No. 989, 95th Cong., 2d Sess. 78–79 (1978); U.S. Code Cong. & Admin. News 1978 pp. 5787, 5863, 5864, 6319.

### V.

The Plaintiff received notice of the bankruptcy proceeding on or about August 30, 1990. The sixty (60) day deadline recited in Bankruptcy Rule 4007(c) expired on November 5, 1990. The Plaintiff had more than sixty (60) days in which to file her complaint. The "responsibility to inquire into the deadline for filing a complaint is not so burdensome as to outweigh the "fresh start" policy and the need for expeditious judicial administration of bankruptcy cases." *In re Sam*, 94 B.R. 893, 898 (Bankr.R.W.D.La.1988). Had the Plaintiff made a minimal effort to ascertain this date, she would have realized the outside limit for filing her complaint or for a motion to extend such time. Instead, the Plaintiff made no effort and cannot now properly complain of the consequences of her inaction.

### VI.

In a request for summary judgment, "the judgment sought shall be rendered forthwith if the pleadings ... together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See, Rule 56(c), Fed.R.Civ.P. At bar, there is no genuine issue as to any material fact and, accordingly, the Defendant's motion for summary judgment is hereby granted, and the Plaintiff's motion for summary judgment is hereby denied.

IT IS SO ORDERED.