In re John/Joanne HEURING, Debtors.

Joanne M. HEURING, Plaintiff,

v.

Martha L. RIEWALDT, Defendant.

Bankruptcy No. 90–3370.
Related No. 90–00761.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 21, 1992.

L. Douglass McCrury, UAW Legal Services Plan, Toledo, Ohio, for plaintiff.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Complaint to Enforce the Discharge Order. A Pre–Trial was held at which time the parties decided to have the issue determined on the written arguments of counsel. The Plaintiff filed a Motion for Summary Judgment to which the Defendant filed an Answer. The Plaintiff then filed a Reply to address the new issues which had been raised in the Defendant's Answer. The Court has reviewed the written arguments of the counsel and the relevant case law, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Motion for Summary Judgment should be granted.

## FACTS

The Plaintiff, Joanne Heuring [hereinafter "Heuring"], filed a petition for relief under Chapter 7 of the Bankruptcy Code

on March 9, 1990. At that time, the Heuring was also going through a divorce and was represented by the Defendant, Attorney Martha Riewaldt [hereinafter "Riewaldt"]. The final divorce hearing was on March 12, 1990, three days after the Plaintiff filed for Bankruptcy.

When the Plaintiff's bankruptcy petition was filed, she owed the Defendant Three Hundred Fifty–Four Dollars and One Cent ($354.01) for pre-petition legal services. She continued to incur debt for post-petition legal fees in connection with her divorce. The pre-petition debt was inadvertently left off the Debtor's schedules. The Plaintiff did not contest the issue of post-petition fees owed to the Defendant.

Because this was a no-asset case, no deadline was ever set for the filing of proofs of claim. However, June 18, 1990, was set as the bar date for challenging dischargeability under 11 U.S.C. § 523(a)(2), (4), and (6). The Plaintiff was granted her discharge on July 9, 1990. Subsequently, the Defendant attempted to collect the payment of Plaintiff's bill for the pre-petition legal services.

The Plaintiff argued that the Defendant's bill for pre-petition legal services was not exempted from discharge by Section 523(a)(3) of the Bankruptcy Code because the Defendant had actual knowledge of the Plaintiff's bankruptcy case in enough time to either file a proof of claim or request a determination of dischargeability. The Defendant argued that because her bill for pre-petition legal services was not scheduled by the Plaintiff, the debt was exempted from discharge under Section 523(a)(3).

## LAW

The applicable provision of the Bankruptcy Code states in pertinent part:

§ 523. **Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3).

Even though creditors are not listed in the schedules, they can be charged with notice if they were in possession of sufficient facts such as would cause a reasonably prudent person to make further inquiry. *In re Constantino*, 80 B.R. 865, 868 (Bkrtcy.N.D.Ohio 1987); *In re Taco Ed's, Inc.*, 63 B.R. 913, 931 (Bkrtcy. N.D.Ohio 1986). "The Court cannot condone creditors with contingent claims 'waiting in the wings' to avoid having their debts scheduled and thereby escaping discharge under Section 523(a)(3). A creditor who has acquired actual knowledge of the bankruptcy before the discharge must come forward." *In re Constantino*, 80 B.R. 865, 870 (Bkrtcy.N.D.Ohio 1987).

In the present case, the Defendant's letters concerning the filing of reaffirmations in the Plaintiff's bankruptcy indicate that the Defendant not only knew of the Plaintiff's bankruptcy, but that she actively participated in it. This Court also notes that, on these facts, by representing the Plaintiff in her divorce action, the Defendant had sufficient knowledge of the Bankruptcy so as to file a proof of claim or a complaint to determine dischargeability of a debt. Therefore, the Court finds the Defendant had actual knowledge of the Plaintiff's bankruptcy case and should have taken the proper precautions through the Bankruptcy Court to prevent the debt

from being discharged. Since the Defendant took no such action to prevent the discharge of the legal fees, and since she had actual knowledge of the Bankruptcy, she is precluded from collecting on the pre-petition debt. *See,* 11 U.S.C. § 524(a)(2). The record reflects that the Defendant was told that her pre-petition bill for legal services had been discharged and, yet, she continued to demand payment from the Plaintiff and threatened to take action against Heuring. This amounted to a violation of the discharge order.

As to damages for the violation, the Plaintiff's attorney accepted co-responsibility for this matter by his inadvertent failure to schedule the Defendant and waived his request for attorney fees except to the extent that they set off Defendant's bill for post-petition services in the amount of Two Hundred Thirty–Eight Dollars and Fifty Cents ($238.50). The Plaintiff argued that this award of attorney fees was appropriate because the Defendant forced the Plaintiff to resort to the court to enforce her rights. *See, Matter of Davis,* 74 B.R. 406, 411 (Bkrtcy.N.D.Ohio 1987); *In re Shriver,* 46 B.R. 626, 629–630 (Bkrtcy. N.D.Ohio 1985). The Defendant argued that the Plaintiff should not be awarded damages because the Plaintiff failed to amend her schedules to include the Defendant even after the Plaintiff became aware that Riewaldt was not listed as a creditor.

Based upon all of the evidence, the Court declines to award any damages in this case. The Court recognizes the importance of the assessment of attorney's fees and legal costs to deter violations of both the automatic stay and the injunction which goes into effect upon the debtor's discharge. However, the Court is reluctant to perpetuate the myth that the Bankruptcy Court is the "Lost Dutchman's Mine" for attorney's fees. Therefore, since neither party comes before the Court with particularly clean hands as defined by courts of equity, the Court finds that no damages should be awarded.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Plaintiff's Motion for Summary Judgment be, and is hereby, Granted.

It is FURTHER ORDERED that the pre-petition debt for legal services owed to the Defendant be, and is hereby, Discharged.

It is FURTHER ORDERED that the Plaintiff's request for damages in the amount of Two Hundred Thirty–Eight Dollars and Fifty Cents ($238.50) be, and is hereby, Denied.