In re Barbara Joyce SUMMERS, Debtor.

**Barbara Joyce SUMMERS, Plaintiff,**

v.

**Daniel ANDERSON, Defendant.**

**Bankruptcy No. 95–3367.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Nov. 8, 1996.

Frederick Sweeney, Toledo, OH, for Plaintiff.

### *MEMORANDUM OPINION AND DECISION*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after trial upon Plaintiff's Complaint For Violation of Discharge. At the trial, the parties were afforded the opportunity to present the evidence and make arguments they wished the Court to consider in reaching its decision. This Court has reviewed the arguments of counsel, evidence presented at trial, relevant

statutory and case law, as well as the entire record in the case. Based upon that review and for the following reasons, the Court finds that the Plaintiffs debt to the Defendant is discharged, and that the Defendant has willfully violated the discharge injunction. Accordingly, this Court will order the Defendant to return the Plaintiffs garnished wages in the amount of One Hundred Forty and 87/100 Dollars ($140.87), and to reimburse the Plaintiff for reasonable attorneys' fees in the amount of Five Hundred Dollars ($500.00).

## *FACTS*

On November 23, 1994 the Plaintiff/Debtor, Barbara Joyce Summers (hereinafter "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code. In preparing this petition, Debtor inadvertently failed to schedule a debt due and owing to the Defendant/Creditor, Daniel Anderson (hereinafter "Defendant"). Additionally, while Debtor did list Defendant's name on the matrix, the address she provided was incorrect. Accordingly, Defendant received no formal notice of Summers' bankruptcy filing.

The debt in question stems from a rental relationship. Defendant is a practicing attorney and the owner of rental properties in the Toledo area, one of which was rented to Debtor in 1991. A dispute arose between Debtor and Defendant due to damage done to this property. On November 22, 1991, the Defendant received a default judgment against the Debtor in the Toledo Municipal Court in the amount of Two Thousand Nine Hundred Eighty-one and 53/100 Dollars ($2,981.53). Debtor has not made payment on this judgment.

Defendant personally performs all eviction and collection actions connected with his properties. On October 27, 1994, Defendant first executed on the judgment by securing a writ of attachment from Toledo Municipal Court for Debtor's vehicle. However, on November 23, 1994, the Toledo Municipal Court released this vehicle back to Debtor after she provided the Deputy Bailiff of Toledo Municipal Court with a copy of her Bankruptcy Petition filed just hours earlier. Approximately one week later, the bailiff personally informed Defendant that Debtor's vehicle had been released due to a bankruptcy filing. Further, Defendant attended the Debtor's Meeting of Creditors on January 9, 1995, though he contends he was there on another matter. The last day for filing complaints for the determination of the dischargeability of a debt was March 10, 1995.

On October 19, 1995, Defendant again attempted to execute on this judgment by garnishing Debtor's wages. A single garnishment was collected totaling One Hundred Forty and 87/100 Dollars ($140.87). Shortly thereafter, Debtor's attorney contacted Defendant and again informed him of Debtor's bankruptcy. He requested that Defendant cease all collection activities and return Debtor's garnishment. While Defendant did stop his collection efforts, he did not return Debtor's garnishment. Accordingly, Debtor initiated the present adversary proceeding, requesting that this Court find the Defendant in violation of the discharge injunction and order a return of her wages.

## *LAW*

The Bankruptcy Code provides in pertinent part as follows:

**11 U.S.C. § 362. Automatic stay**

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, 1228[a], 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not the kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

## 11 U.S.C. § 524. Effect of discharge

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

### DISCUSSION

The questions presented to this Court are whether the Plaintiffs debt to the Defendant was discharged, whether the Defendant had "actual knowledge" of the Plaintiff's bankruptcy filing, and whether the Defendant's conduct amounts to a contemptuous violation of the discharge injunction. Determinations concerning the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157. Thus, this is a Core Proceeding.

The Debtor alleges that Defendant willfully violated the discharge injunction because he had actual knowledge of her bankruptcy filing at the time of the garnishment. At trial, Debtor produced testimony which substantiates this claim. First, Debtor's attorney testified that one week before the petition date, he personally notified Defendant of Debtor's intent to file bankruptcy. Second, the Deputy Bailiff of Toledo Municipal Court testified that she personally informed Defendant of the Debtor's bankruptcy one week *after* the petition date, and that the attachment on Debtor's vehicle was therefore released. Finally, the Debtor herself testified that Defendant attended her January 9, 1995, § 341 meeting of creditors, but failed to make any effort to protect his claim.

Defendant defends his actions on the basis that he did not receive formal notice in this bankruptcy proceeding. Although Defendant does not deny attending the Debtor's § 341 meeting, he maintains that he attended on an unrelated matter and was unaware of the Debtor's presence. Furthermore, Defendant argues that the debt was not discharged, and his actions were proper considering that he waited nearly a year to receive formal notice of Debtor's bankruptcy before acting. Because no notice ever arrived, Defendant argues that he proceeded to execute on the judgment under the assumption that a bankruptcy was never filed.

A discharge under § 727 of the Bankruptcy Code absolves the Debtor of all dischargeable debts, and acts as an injunction against any and all attempts to collect those debts. Section 523(a)(3) provides for an exception to discharge for debts owed to creditors who did not receive notice of the bankruptcy case unless such creditor had notice or actual knowledge of the case in time to allow the timely filing of a proof of claim and request for determination of dischargeability of the debt. On several occasions this Court has held that creditors not listed on the schedules will be charged with notice of bankruptcy if they are "in possession of sufficient facts such as would cause a reasonably prudent person to make further inquiry." *In re Heuring*, 139 B.R. 856, at 857 (Bankr. N.D.Ohio 1992). See also *In re Constantino*, 80 B.R. 865, 868 (Bankr.N.D.Ohio 1987); *In re Taco Ed's, Inc.*, 63 B.R. 913, 931 (Bankr. N.D.Ohio 1986).

The rationale for this construction is two-fold. First, this approach furthers the bankruptcy policy of "affording a fresh start

to the debtor by preventing a creditor, who knew of a bankruptcy proceeding but who did not receive formal notification, from standing back, allowing the bankruptcy to proceed without adjudication of this claim, and then asserting that the debt owed to him is nondischargeable." *In re Burdel*, 126 B.R. 278, at 279 (Bankr.N.D.Ohio 1991), citing *In re Alton*, 837 F.2d 457, 460 (11th Cir.1988). Second, this standard is logical because the primary purpose of scheduling a creditor is to ensure that he receives notice of a bankruptcy filing. *In re Peacock*, 139 B.R. 421, 424 (Bankr.E.D.Mich.1992). Thus, once a creditor has knowledge of a bankruptcy filing, he automatically bears the burden to protect himself from being adversely affected, regardless of whether or not he is scheduled. *In re Green*, 876 F.2d 854, 857 (10th Cir.1989); *In re Layman*, 131 B.R. 495, 497 (M.D.Fla.1991).

■ In the present case, it is undisputed that the Defendant received no formal notification of the Debtor's bankruptcy filing. However, the Defendant was notified personally by the Deputy Bailiff of Toledo Municipal Court one week after the Petition Date. Further, it seems more than likely that Defendant's collection file on Debtor would contain a record of the release of the attachment of the Debtor's vehicle due to Debtor's bankruptcy. Additionally, the Defendant received advance notice of the bankruptcy filing from the Debtor's attorney. Furthermore, the Defendant received notice when he was present at the Debtor's § 341 meeting. Thus, given the aggregate testimony presented on behalf of the Debtor, this Court concludes that the Defendant had "actual knowledge" of the Debtor's bankruptcy filing within the spirit of § 523(a)(3) which at a minimum should have caused further inquiry. Accordingly, the Debtor's financial obligation to the Defendant were discharged on March 20, 1995, along with all of her other dischargeable debts.

■ Debtor also requests damages as a result of Defendant's violation of the discharge injunction. Because the Defendant had knowledge of the bankruptcy and nevertheless continued to collect the debt by garnishing the Debtor's wages, the Defendant

violated the discharge injunction found in § 524(a)(2) of the Bankruptcy Code. As to damages, "It is well established that Congress granted bankruptcy courts civil contempt power to enforce its orders." *In re Braun*, 152 B.R. 466, 474 (N.D.Ohio 1993). In *Braun*, the District Court upheld the Bankruptcy Court's finding of a civil contempt against a creditor which violated the § 524(a)(4) discharge injunction. *Id.* Regarding the amount of the award for civil contempt, the *Braun* Court also concluded:

> In a civil contempt proceeding, the court may impose a fine, payable to the aggrieved party, as compensation for any damages that were sustained as a result of the contemptor's conduct, but the fine must be based on evidence of actual loss, *Matter of Grand Jury Investigation (90–3–2)*, 748 F.Supp. 1188, 1204 n. 22 (E.D.Mich.1990), citing *Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1173 (5th Cir.1982). Ordinarily, a fine for civil contempt must not exceed the actual damage to the complaintant plus the complaintant's reasonable expenses in presenting the contempt to the court. *Winner Corp. v. H.A. Caesar & Co., Inc.*, 511 F.2d 1010, 1015 (6th Cir.1975).

*Id.*

■ In the present case, the Defendant garnished wages in the amount of One Hundred Forty and 87/100 Dollars ($140.87), which should be returned to the Debtor. The Debtor should also be compensated for attorney's fees and costs in bringing this case because such fees and costs were necessary to secure the return of the garnished wages in this case. Notwithstanding the fee statement of Debtor's attorney, this Court finds that a Five Hundred Dollars ($500.00) reimbursement for attorney's fees is reasonable under the circumstances.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits, and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

830

**ORDERED** that the debt to Defendant Daniel Anderson be, and is hereby, determined *DISCHARGEABLE*.

It is **FURTHER ORDERED** that the Defendant Daniel Anderson shall have twenty-one (21) days from the date of this Order to reimburse the Plaintiff, Barbara Joyce Summers, the sum of One Hundred Forty and 87/100 Dollars ($140.87) for garnished wages, Five Hundred Dollars ($500.00) reimbursement for attorney's fees.