**In re James/Marna MAYER, Debtors.**

**James/Marna Mayer, Plaintiffs,**

**v.**

**Huntington National Bank, Defendants.**

**Nos. 99–3232, 91–30245.**

United States Bankruptcy Court, N.D. Ohio.

April 6, 2000.

John B Spitzer, Toledo, OH, for Plaintiffs.

### *DECISION AND ORDER*

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court after a Hearing for Actual and Punitive Damages arising from the entry of a default judgment against the Defendant for willfully violating the discharge injunction of 11 U.S.C. § 524(a)(2). At the Hearing, at which no representative on behalf of the Defendant attended, the Plaintiffs asked the Court to award them damages in the following amounts on account of the Defendant's failure to remove a discharged obligation from the Plaintiff's credit report:

-Compensatory Damages $ 4,142.39

-Punitive Damages $25,000.00

-Attorney Fees $ 5,349.26

In support of receiving compensatory damages, the Plaintiffs assert that since filing for bankruptcy relief in 1991, they have been forced to borrow money at a higher interest rate because their credit report still exhibit an outstanding obligation owing to the Defendant. Specifically, the Plaintiffs believe that had the erroneous obligation owing to the Defendant not been exhibited on their credit report, they could have refinanced a home mortgage loan at a lower interest rate at a much earlier point in time.

 It is well established that compensatory damages, including attorney fees, may be awarded to a debtor for a

creditor's violation of the discharge injunction contained in § 524(a). *Summers v. Anderson (In re Summers)*, 213 B.R. 825, 829 (Bankr.N.D.Ohio 1996). However, before a Court may award a debtor compensatory damages for a creditor's violation of the discharge injunction, actual evidence of loss must be presented. *Id.* In this case, however, the Court cannot find that the Plaintiffs have been damaged in the amount of Four Thousand One Hundred Forty-two and $^{39}/_{100}$ dollars ($4,142.39) as a result of the Defendant's wrongful conduct. Instead, the Court finds, from all the evidence presented, that the Plaintiffs' inability to obtain a low interest rate loan stems mainly from the Plaintiffs' prior bankruptcy filing, and not from the Plaintiffs' erroneous credit report. In fact, documentary evidence introduced at the Hearing held on this matter shows that the Plaintiffs have been denied credit in the past on account of their prior bankruptcy. (Plaintiff's exhibit # 13). In addition, the most recent credit report submitted into evidence by the Plaintiffs was more than one (1) year old, thus making it difficult for the Court to ascertain with any certainty as to whether the Defendant was, at the time of the Hearing, continuing to violate the discharge injunction of § 524(a). Accordingly, given these considerations, the Court finds that the Plaintiffs have at most suffered actual pecuniary losses in the amount of Two Hundred Fifty dollars ($250.00), and thus the Court will award the Plaintiffs this amount in compensatory damages.

With regards to the Plaintiffs' request for attorney fees, the Court finds that as the Defendant's liability for willfully violating the discharge injunction of § 524 is not in question, an award of attorney fees is appropriate. *See, e.g., Kimco Leasing, Inc. v. Knee*, 144 B.R. 1001, 1010 (N.D.Ind.1992) (the discharge injunction is included in the discharge order; willful violation of a court order justifies an exception to the "American Rule" that attorneys' fees are generally not recoverable).

However, in this regard, the Court does not find that the Five Thousand Three Hundred Forty-nine and $^{26}/_{100}$ dollars ($5,349.26) in attorney fees prayed for by the Plaintiffs is reasonable. Instead, the Court finds that an award of Seven Hundred dollars ($700.00) in attorney fees is both reasonable and appropriate given the nature of this bankruptcy case.

The Plaintiffs have also asked for Twenty-five Thousand dollars ($25,000.00) in punitive damages. In support thereof, the Plaintiffs contend that such an award is appropriate given that the Defendant failed to rectify, after being asked to do so, the situation regarding the Plaintiffs' erroneous credit report. In addition, the Plaintiffs contend that as the Defendant is a very large financial institution, the failure to award a significant amount in punitive damages would not deter this type of conduct in the future. The Court, however, after considering these arguments, must decline the Plaintiffs' invitation to award punitive damages as the Defendant's conduct is simply not egregious enough to warrant such an award. *See Vazquez v. Sears Roebuck & Co., (In re Vazquez)*, 221 B.R. 222, 230 (Bankr. N.D.Ill.1998) (when conduct is outrageous, punitive damages may be warranted).

Accordingly, it is

***ORDERED*** that the Plaintiffs, James and Marna Mayer, be, and are hereby awarded against the Defendant, Huntington National Bank, the sum of Two Hundred Fifty Dollars ($250.00) in compensatory damages for the Defendant's willful violation of the discharge injunction as contained in 11 U.S.C. § 524(a)(2).

It is ***FURTHER ORDERED*** that the Plaintiffs, James and Marna Mayer be, and are hereby awarded against the Defendant, Huntington National Bank, the sum of Seven Hundred Dollars ($700.00) in attorney fees for the Defendant's willful

violation of the discharge injunction as contained in 11 U.S.C. § 524(a)(2).